### George W. Smith v. Hezekiah R. Harrell.

The fact that a party in an original action against the signers of a promissory note in which a judgment of non-suit had been rendered, had sued them all as makers, does not estop him in a subsequent action against one of them from alleging that he had signed as surety on the note for the others.

Where a party by his original petition claims judgment *in solido* against several makers of a promissory note which in its form is merely a joint obligation, may by an amendment allege that one of the signers intended to bind himself as surety at the time of affixing his signature.

APPEAL from the District Court of the Parish of East Feliciana, *McVea*, J. *Euqua & Kilbourne*, for plaintiff.  *P. Pond*, for defendant and appellant.

BUCHANAN, J.    Plaintiff sues defendant upon the following note :

"AMITE COUNTY, July 1st, 1856.

" $1260 33.  Twelve months after date, for value received, we promise to pay *G. W. Smith*, or order, twelve hundred and sixty dollars and thirty-three cents, with eight per cent. interest from date until paid.

" *Mills, Cleveland & Co.*
" *H. R. Harrell.*"

The petition alleges that defendant signed the note as surety for the other signers, *Mills, Cleveland & Co.*, and that he is therefore bound to plaintiff *in solido* for its payment.

Plaintiff had judgment ; and defendant presents the case to us, by appeal, upon the single point made by a peremptory exception filed by him in the Court below, " that plaintiff is estopped by the allegations of his former original petition in the suit of *G. W. Smith* v. *Hawkins et al.* from alleging in his present suit that this defendant is bound as security on the note sued on."

It appears from the evidence that plaintiff had previously sued defendant and another party, upon this same note, in another action, which terminated by a non-suit.  In the petition filed in that action, plaintiff did not specially allege, as he has done in the present case, that defendant signed the note as surety of the other signer ; but simply declared upon the note as signed by defendant and *Mills, Cleveland & Co.*; and due by the signers *in solido*.

These allegations of the petition in the first suit are not a bar of the present demand.  That suit is at an end, by a judgment (nonsuit) which left the parties in the same relative position in which they were before it was instituted.  But supposing even that the present petition was before us in the form of an amendment of the first petition, and in the same suit, it would present no such inconsistency of pleading as would exclude it.  The first petition claimed judgment *in solido* against several makers of a note, which in its form was merely a joint obligation.  But the amendment would have come in aid of the relief sought in the original petition (to wit, a judgment *in solido* against *Harrell*) by pleading an intention to that effect, on the part of *Harrell*, at the time of affixing his signature.  Indeed, the counsel of the defendant admits in his argument before this Court, that a party, whose name appears as a maker, may be sued as a surety, and that plaintiff may explain the face of the note by parol proof to show that the party who is *prima facie* a maker, is in reality a surety.

Judgment affirmed, with costs.