## No. 48.

### L. B. WATKINS vs. J. D. CAWTHON.

A party is not estopped by his pleading when the averment was made without knowledge of the real fact underlying the controversy,—especially when that real fact was within the knowledge of the adverse party.

The sheriff who, in execution of a writ of attachment, leaves a sum of money in the hands of a third person, and takes the latter's receipt for the same, constitutes said third person his keeper of the money seized, and is himself, to all intents and purposes, in the legal possession thereof.

Upon dissolution of the attachment, the sheriff must account to the defendant for said sum of money as if he had actually received and held it under the writ.

APPEAL from the First Judicial District Court, parish of Caddo. Taylor, J.

---

*Looney & Elstner,* for Plaintiff and Appellant:

In point of fact, the effect of the keeper's receipt was to perfect the sheriff's seizure and return ; and the possession of the money seized by the sheriff was continued through the keeper.

It was the legal duty of the sheriff to seize, attach and take the money into his possession and retain the same, subject to the order of the 'court issuing the writ. C. P. 256, 257, 657, 659 ; 22 An. 208 ; 26 An. 688, Scott vs. Davis ; 6 An. 551, Page vs. Generes ; 6 An. 563, Stockton vs. Downey ; 6 R. 347, Gobeau vs. N. O. & V. R. R. Co.

The sheriff may appoint a keeper, for whose acts he is responsible. 12 An. 280, Whann vs. Hufty, sheriff; 12 R. 25, Smith vs. Burwick ; 13 An. 604, Stille vs. Beauchamp; C. P. 657 ; 659.

The fact that the attached debtor is suffered to remain in possession of the property seized,

does not affect the validity of the seizure. 12 R. 35, Smith vs. Burwick; 13 'An. 604, Stille vs. Beauchamp; 28 An. 854, Paul vs. Hoss; 5 M. 268; C. P. 100; 20 An. 573; 21 Wallace 123, Watson vs. Bondurant.

The seizure would be equally good if the property were left in the hands of the attaching creditor, as in case at bar.

A valid seizure of an incorporeal right may be made by notifying the person in possession of that right. 5 An. 538, Harris vs. Bank of Mobile; 9 An. 311, Nelson vs. Simpson; C. P. 647; C. C. 2481.

But that line of authority is not applicable in case at bar, because the *money* itself was attached, and by J. B. Durham acknowledged to have been received from the sheriff; and the *sole* and specific object to be attained by the attachment was to defeat the claim of J. D. Patton, and to effect that object a paper seizure was insufficient.

The sheriff is *primarily* liable to the defendant in attachment, when the writ has been dissolved, for the restoration of the property seized by him in the same state it was when first seized. 2 An. 802, Whitton vs. Jones; 17 La. 579, 583, Parish vs. Hosey; C. C. 2937, 2980, 2981; C. P. 283; 28 An. 584, Paul vs. Hoss; 5 M. 268; C. P. 257.

With regard to judicial estoppel, the rule for our guidance is found in 22 An. 368, Abbott vs. Wilbur; 13 Howard, 336; 30 An. 1309, Chaffe vs. Morgan; 13 An. 601, Wilson vs. Curtis; 8 An. 462, Judice vs. Kerr; 2 La. 551, Millaudon vs. Allard; Bigelow on Estoppel, p. 293, *et seq.;* 3 R. 48, Kohn vs. Marsh; 15 La. 363, Shipman & Ayers vs. Haynes.

These authorities are to the effect that whenever a litigant has, to his own advantage, or to the injury of his adversary, asserted judicially what is false, he must be forever forbidden to unfold, for his own advantage, the truth of the matter. 30 An. 50, Montague vs. Weil.

The sheriff is but a judicial guardian. a servant of the court, an agent of the law. His possession is that of the law; his dominion over the thing seized is that of the law. C. C. 2979, 2980; 28 An. 584, Paul vs. Hoss.

The defendant cannot be heard to dispute or prove the falsity of his official return, or the receipt of the keeper, which he accepted, and which is an essential part of his return, and upon which, in part, the plaintiff predicates his right to recover. 3 R. 48, Kohn vs. Marsh; 15 La. 363.

The plea of estoppel by record is closely allied to the plea of *res judicata*, and is only conclusive on those pleadings actually passed upon by the court. Bigelow on Estoppel, pp 7 and 8; 28 An. 625, Jacobs vs. Frire; 23 An. 647, Morgan vs. Kinnard; 23 An. 669, Ware vs. Morris.

*Alexander & Blanchard* and *Land & Land* for Defendant and Appellee:

First—Defendant pleaded *estoppel* against plaintiff, and objected to all his evidence as contradictory of 'a solemn judicial allegation made by him and his transferee, in a previous suit. The exception was well taken, and plaintiff being thus effectually *muzzled* in the inception of the trial, his case falls.

Second—The court *a qua.* without passing on the objection, concluded to receive plaintiff's evidence subject to the objection made. When defendant came to offer his evidence, plaintiff pleaded *estoppel* against him, and objected to all his evidence as tending to contradict a return made by defendant as sheriff. This objection is not tenable, because, viewed in the light most favorable to plaintiff, it is estoppel against estoppel which sets the matter at large. Bigelow, p. 262; 30 An. 1309.

Third—On the facts and evidence, the law and equity of the case are clearly with defendant.

The opinion of the Court was delivered by

FENNER, J.   The plaintiff alleges substantially that, on or about January 2d, 1878, J. D. Cawthon, then sheriff of the parish of Caddo,

did seize and take into his possession the sum of $1809 48, the property of Lisso & Scheen, in execution of a writ of attachment issued in the case of J. B. Durham & Co. vs. Lisso & Scheen; that said attachment was dissolved by judgment of the Supreme Court; that the effect of such dissolution was to place the money so seized and possessed by said sheriff at the control of Lisso & Scheen or their assignees; that Lisso & Scheen had validly transferred to him (plaintiff) the said fund, whereby he became the owner thereof; that due notice of the dissolution of the attachment and of the assignment had been given to the defendant Cawthon, and demand made for payment, which had been refused; wherefore he demands judgment against defendant for the amount.

The defendant denies that he, as sheriff, under the writ of attachment referred to, did seize and take into his possession the said sum of $1809 48, or any sum of money whatever belonging to Lisso & Scheen. Leaving out of view, for the nonce, the additional allegations of his answer explanatory of his actual proceedings and tending to negative the charge of seizure and possession, the true issue presented is : seizure and possession *vel non*.

The following are the facts:

John B. Durham & Co. were creditors of Lisso & Scheen, and had brought suit against them in the District Court of Red River parish for $1257. Durham & Co. had received from one J. D. Patton a consignment of sixty bales of cotton which they had sold and held the proceeds, the $1809 48 here in controversy, at the credit of Patton. Receiving information that the said cotton and proceeds were really the property of Lisso & Scheen, for whom Patton was acting merely as agent, Durham & Co. caused a writ of attachment to issue in their suit against Lisso & Scheen addressed to the sheriff of Caddo parish.

The following is the return upon this writ :

"Received the within writ of attachment January 2d, 1879, and on the same day posted a certified copy hereof at the court-house door in the city of Shreveport, parish of Caddo, and also *attached* the following described property as per inventory hereto annexed.

           [Signed]                "I. W. PICKENS, Deputy Sheriff.

"John B. Durham & Co. vs. Lisso & Scheen, No. 243, D. C., Red River parish, La. The following is a correct inventory of the property attached in the above entitled suit : Eighteen hundred and nine and forty-eight hundredths dollars ($1,809 48) *in hands* of John B. Durham & Co.

           [Signed]            "I. W. PICKENS,
[Attest:]                             "Deputy Sheriff.
    "THOMAS PHILLIPS,
    "A. D. LAND."

At the same time he took from John B. Durham the following receipt, viz.:

"$1809 48.   Received of I. W. Pickens, Deputy Sheriff of the parish of Caddo, $1809 48 attached by him in my hands, in the suit of Durham & Co. vs. Lisso & Scheen, No. 243 on the docket of the District Court of the parish of Red River, which I agree to hold and safely keep subject to the order of the sheriff of the parish of Caddo.   Shreveport, La., Jan. 2, 1879.

(Signed)                          "J. B. DURHAM."

The connection of Patton with this fund may now be dismissed entirely from view.   It was admitted by Durham & Co., by Lisso & Scheen, and by Patton himself, that he had no interest therein, and that the cotton and its proceeds belonged to Lisso & Scheen; and there exists no controversy on this subject.

The above receipt of Durham, as keeper for the sheriff, though taken and held by the latter, was not annexed to his return or filed in court.

Acting upon the face of the sheriff's return and in ignorance of the existence of the keeper's receipt, Lisso & Scheen, through the present plaintiff as their counsel, moved to dissolve the attachment upon various grounds, including amongst others, the ground "that there was no actual seizure and taking in possession of the property, as the law directs." From a judgment dissolving the attachment an appeal was taken to this Court, and the opinion and decree here rendered shows that the judgment was affirmed without any allusion to the above ground, and upon the sole ground of the insufficiency of the surety on the attachment bond.

Subsequently, John Chaffe & Co., another creditor of Lisso & Scheen, sought to attach this fund in the hands of Durham & Co. by garnishment proceedings.   To the interrogatories addressed to them as garnishees, Durham and his co-partner, Howell, answered that they had no property or credits belonging to Lisso & Scheen or either of them, and further, referring to this particular fund, they answered that it had been attached in the suit of Durham & Co. vs. Lisso & Scheen, and "is in the possession and subject to the order of the sheriff of Caddo parish." Upon a traverse of these answers by Chaffe & Co., proof was administered of the actual seizure and possession of the sheriff, and the receipt of Durham as keeper for the sheriff was, for the first time, produced. This was in May, 1880, about a year after the filing of the motion to dissolve the attachment of Lisso & Scheen.

Lisso & Scheen transferred this fund to the plaintiff on February 10th, 1880.   The decree of the Supreme Court became final in March, 1880.

We shall now dispose of the questions of law presented on the foregoing facts, which we regard as the only essential ones, though we shall refer to others urged by defendant, in disposing of the law points.

I.

It is urged that plaintiff is estopped from asserting or proving that there was an actual seizing and taking in possession of the fund in controversy by the defendant, as sheriff, because, in the motion to dissolve the attachment, the assignors of the plaintiff, through him as their counsel, had judicially admitted and alleged that there was no such actual seizure and taking in possession.

Leaving out of view the serious question as to whether the defendant has the right to avail himself of the estoppel pleaded, considering that he was no party to the suit in which the pleading was filed, that he knew the truth of the matter, that he was in no manner misled, and that his position was in no way altered thereby—the estoppel cannot avail against the plaintiff, because, at the time he filed the pleading relied on, he and his assignors were ignorant of the vital fact of the existence of the keeper's receipt.

The rubric of the law of estoppel under which the one here pleaded falls, is that of *inconsistent positions,* holding a party who has an election between several inconsistent pleas or causes of action, to abide by that one which he first adopts, and prohibiting him from contradicting in an action solemn judicial admissions and allegations which he has made in the same or a different action. Bigelow, Estoppel, Introduction, p. 68; Id., pp. 503 et seq.

Of this estoppel, it is a vital element that the position or pleading should have been taken or made with knowledge of the facts. It was never held that a person should be estopped from proving the truth when discovered, because, while ignorant of the truth, he had averred the contrary. Still less could such an estoppel avail one who, all the time, knew the truth, and whose own action had been the cause of his opponent's ignorance thereof. Such was the case here. Defendant held the keeper's receipt in his own possession. He failed to annex it to his return and file it in court, and was thus responsible for plaintiff's ignorance of it.

The estoppel cannot be maintained.

II.

We are of opinion that the sheriff's return and keeper's receipt, taken together, conclusively establish an actual seizure and taking possession by the sheriff. To hold the contrary, would justly astound the bar and the officers of our courts, with whom this has been, from the date of the Codes, an ordinary mode of effecting seizures.

The right of the sheriff to appoint a keeper of the thing seized by

him, and the perfect equivalency of his possession through such keeper to his possession through a deputy, or even to his own personal and physical possession, have never been disputed, that we are aware, and have been frequently recognized by this Court. C. P. 283, 657, 659; 12 R. 25; 8 An. 370; 13 An. 604; 22 An. 525; 28 An. 854; 6 R. 100.

The fact that the sheriff did not actually take the money from Durham, and then hand it back to him as keeper, surely cannot affect the case. Such a proceeding was unnecessary and would have been absurd. The purpose was accomplished when, by the receipt Durham acknowledged the sheriff's possession and the sheriff consented that Durham should hold for him as his keeper. That, legally and actually, transferred the possession from Durham, as an. individual, to the sheriff, through Durham as keeper.

Nor is the case affected by the fact that the sheriff acted under instructions of the counsel of plaintiff in writ. The question here is not what the sheriff was instructed to do, but what he did. We hold that he did actually seize and take possession through. Durham, as keeper. If he appointed Durham keeper under instructions of plaintiff's counsel, that might limit his responsibility to the plaintiff in the writ, in case of malversation of the fund by Durham, but it certainly could not affect his responsibility to other persons.

So far as the present plaintiff is concerned, we are compelled to hold that defendant must respond precisely as he would if he were in personal possession of the fund.

### III.

The effect of the dissolution of the attachment was unquestionably to place the property attached and in the possession of the sheriff, as we have just held, at the disposition of the owner thereof.

The sheriff is a judicial guardian, and, by the very terms of the Code, is bound to preserve the effects seized, and to "produce them either for the discharge of the person who has seized them for sale, or *to the person against whom the execution was levied, in case the seizure be raised.*" C. C. 2980.

There is no dispute as to the ownership of Lisso & Scheen, and of plaintiff, as their assignee. · And, indeed, no one contests his right to claim his property except this sheriff, who has certainly no claim to it.

The fact that Durham is insolvent does not affect the case. The sheriff is responsible for his keeper. C. P. 657, 659; 8 An. 370; 12 An. 280; 12 R. 25; 13 An. 604.

### IV.

It is urged that Durham & Co., and not Lisso & Scheen, are the parties entitled to reclaim this fund, on the authority of the case of Gay

vs. Eaton, 28 An. 2, where it was held that on the dissolution of the sequestration, "the property must be returned to the possession of the party from whom it was taken." Physically, it is true, the fund was in the possession of Durham & Co. at the date of the seizure; but they held possession, not as owners, but merely as agents for the owners, and they surrendered the fund to the sheriff as the property of Lisso & Scheen. They can have no possible claim to the fund now, nor do they urge any, and defendant has no right to champion their rights. In the case cited above, the property was sequestered in the possession of merchants who held it as agents for the intervenors. The Court ordered it to be restored to the *owners*, not to the merchants. So must we hold here.

We have nothing to do with counter-claims which Durham & Co. had against Lisso & Scheen at the date of seizure. They have conclusively admitted the ownership of Lisso & Scheen of this fund, and they are not before us urging any claim upon it. Defendant held this property as the property of Lisso & Scheen, and his right to hold it having terminated, he must return it to the owner.

### V.

In this Court, for the first time, it is urged that plaintiff must be sent away as the prohibited purchaser of a litigious right. The title to the fund conveyed to plaintiff was not in litigation. We are aware of no law which prevents the sale or purchase of property by any person, because a creditor of the seller claims judicially a privilege upon the thing sold. The purchaser simply takes, subject to the privilege if maintained.

In conclusion, we would say that, where the law is clear, equity cannot avail; but we are unable to feel the force of the equity so strongly urged by counsel for the defendant. His case is simply the common one of loss by reason of the fault or failure of one's agents—a loss to the risk of which a sheriff subjects himself every time he employs a keeper. It was at his option to have trusted Durham as keeper, or to have demanded the turning over of the fund to himself, and, in case of refusal, to have let the case stand on a simple notice of seizure. Having effected an actual seizure and accepted possession through his duly appointed keeper; having thereby placed it beyond the power of Lisso & Sheen to collect the fund; and having placed it in the power of the attaching creditor to plead the sheriff's actual possession and seizure in bar to the attachments of other creditors—he must abide the consequences, and cannot now shift his position. It would, indeed, be a gross inequity to plaintiff, if, having accepted this fund in payment for services rendered to an insolvent, upon the faith of the ownership of Lisso & Scheen and of the record made by the sheriff himself, showing its

safety in his own responsible keeping, he should now find his demand upon the sheriff rejected and himself referred to an insolvent keeper.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff and against the defendant, condemning the said defendant to pay to plaintiff the sum of eighteen hundred and nine 48-100 dollars, with legal interest from March 3d, 1880, and all costs of suit, and that defendant and appellee pay costs of this appeal.

Justice LEVY recuses himself.