Walker vs. Walker.

No. 9342.

MARY WALKER VS. ALEXIA WALKER.

| 37 | 107 |
| f120 | 881 |

A party to a suit is not permitted to judicially allege a state of facts so contrary to and inconsistent with those set up in a former suit between the same parties, that if the allegations in the one suit be true, those in the other must necessarily be false.

APPEAL from the Twentieth District Court, Parish of Lafourche. *Winder*, Judge *ad hoc*.

*John S. Billiu* for Plaintiff and Appellee.

*O'Sullivan & Blake* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING J. In December 1881 the plaintiff instituted suit against the defendant, her daughter-in-law, alleging that nine years before she had sold a tract of land in Lafourche to her son Emilien for $1800, of which one third had been paid and the residue was represented by two notes maturing in 1874 and 1875 which were secured by mortgage and vendor's lien—that her son had died and his widow ( the defendant ) was representing his succession as surviving widow and natural tutrix to his children—that this widow Alexia had fraudulently obtained possession of these notes from the plaintiff under the promise to pay them, making false representations to her, and instead of paying them had presented them to the Recorder and had them cancelled. Under an allegation that she feared her daughter-in-law would dispose of or encumber the land, supported by her oath, she obtained an injunction forbidding it, and prayed for judgment against the defendant as widow and tutrix for the amount of the two notes with recognition of the mortgage and vendor's lien, and for the erasure of the cancellation. The Recorder was made a party.

The defendant answered denying the plaintiff's statement and averring that the two notes were cancelled with the plaintiff's consent and full knowledge, and upon each of them is endorsed the following—"I hereby acknowledge to have received payment in full of the within note and the Recorder is hereby authorized to cancel the same and erase the mortgage"—and this is signed by the plaintiff and attested by two witnesses.

Upon these pleadings the parties went to trial and the defendant had judgment dissolving the injunction and rejecting the plaintiff's demand for a moneyed judgment and for recognition of the mortgage. This was in August 1882. An appeal was prayed and granted, and bond

was executed therefor, but it was not brought up and the judgment became final.

In July 1883 the present suit was instituted, in bar of which the defendant pleaded the allegations in the former suit as an estoppel and the judgment therein as *res adjudicata.*

The allegations of the present suit are that she gave the notes to the defendant to be cancelled on the promise that the latter was to support her at the house and besides was to give her one half of the annual crops, and alleging that the defendant had driven her from the house prays for judgment for the monthly rent thereof and one half of the crops of 1881, 1882, and of that which was to be made the current year 1883.    She avers that she was defeated in the former suit because the defendant proved that agreement to have been made.

If such agreement had been made, it was as well known to the plaintiff when she instituted her first suit as upon its trial.    This is not the case of a party suing upon an agreement made by others, the particulars of which were not fully known to him, and where in setting out the cause of action one has to strike in the dark.    Such cases sometimes occur when the action is brought by one suing in a representative capacity without full knowledge of what has been done or said by him whom he represents.    Suc. St. Amans, Manning's unrep, Cas. 44. Here the parties who alone are concerned, and who delivered and received the notes for cancellation, are the parties to both suits.    The allegations in the last suit are inconsistent with and contrary to those in the first.    If the defendant accepted the notes, freely offered her by the plaintiff, upon the promise to support her, then she did not fraudulently obtain them.    One or other of the allegations in the two suits is false and unfounded, and it is well established that one is bound by his judicial allegations to such extent that he will not be heard to contradict them.    School Bd. Concordia v. Hernandez, 31 Ann. 158;  Watkins v. Cawthon, 33 Ann. 1198;  Folger v. Palmer, 35 Ann. 744.    Certainly he cannot recover on an alleged state of facts which is so counter to those set up in a previous suit that if the one be true the other must necessarily be false.    Wells on Res Adjudicata, secs. 9 *et seq.*

The plea of *res adjudicata* and estoppel which was set up by way of exception should have been sustained.

It is therefore ordered and decreed that the judgment of the lower court is reversed, that the exception pleaded by the defendant be sustained, and that there be judgment in her favour against the plaintiff for her costs in both courts.