## No. 9515.

### E. F. STOCKMEYER VS. HENRY OERTLING.

A surety, sued for indemnity by a co-surety who has paid under judgment, has no interest to question the validity of the transfer by another surety to the plaintiff, where such transfer impairs no right of his against the transferror.

An illegal deduction contained in a judicial proceeding, and corrected by the court of last resort, cannot serve as a foundation for the plea of *estoppel* in a subsequent suit.

Evidence showing the signature of a bond by principal and sureties, suit against the sureties, payment by some of them under judgment, the insolvency of certain of them, and other material facts, authorizes recovery from a co-surety to a certain extent.

Articles 2,104 and 3,058 R. C. C. must be combined together. When thus construed, they mean that where loss is occasioned by the insolvency of one or more co-sureties, whether solitary or joint, it must be borne by the solvent sureties when called upon by the paying surety for indemnity or reimbursement of what was paid under judgment.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

---

*E. W. Huntington* and *H. L. Dufour* for Plaintiff and Appellee.

*Braughn, Buck & Dinkelspiel* for Defendant and Appellant.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This case was once before us on an appeal from a judgment sustaining an exception of no cause of action and dismissing the suit.

We reserved the judgment and remanded the case; 35 Ann. 467. The judgment of the lower court having gone for plaintiff, the defendant appeals.

It is an action by a surety who has acquired the interest of a similar obligor, (W. Bogel), against a like surety, (Oertling), for his proportion in the amount paid under judgment, in satisfaction of the principal's debt; the remaining sureties, who had signed the bond, being insolvent.

The defenses are:

1st. That plaintiff has failed to prove the alleged transfer of Bogel.

2d. That he is estopped from prosecuting this suit.

3d. That the evidence does not sustain any part of the judgment.

4th. If any judgment can be rendered against defendant, it should be for one-sixth or one-fourth of the amount paid by the plaintiff, according to the interpretation which the court may place on article 3058, R. C. C.

## I.

The transcript contains the admission that the plaintiff is the transferree of William Bogel against Oertling.

The objection to this transfer appears to be, that it was made for purposes of suit without valuable consideration, as alleged.

The defendant has not averred that he has any claim whatsoever against Bogel, which is jeoparded by the transfer.

What is it to him, whether the transfer be with or without consideration? It is sufficient that it was made, particularly for the stated purpose, to authorize plaintiff to sue. A judgment on the merits, will bind both Stockmeyer and Bogel.

## II.

The estoppel pleaded consists in averments in the answers made by Stockmeyer and Bogel in the suit of the Teutonia Bank against them, as sureties of J. M. Wagner, the defaulting cashier, and which was decided by this court in favor of the plaintiff. 33 Ann. 732.

In those answers, the appearers admitted having signed the bond of the cashier; but charged that the name of Charles Pothoff, having been erased therefrom, and that of H. Oertling having been substituted thereto, *without* the consent of the defendents, though with that of the Board of Directors, the bond was avoided.

The plaintiff in the present action does not aver any fact which is at variance with those stated in those answers in that case. They merely, from the condition of things, deduced (they thought legally), their discharge and non liability.

The court corrected their misconception of the law on such a subject, and condemned them to pay, under the obligation which they had contracted.

The doctrine of *estoppel*, however apparently emphatic, is full of exceptions, which vary according to circumstances, and was never designed to apply to a case like the instant one, in which the declaration made, which is an illegal deduction from facts, has led no one astray and occasioned damage to nobody. 2 Wood, 435 ; 32 Mich. 336.

### III.

The evidence shows the signature of the bond ; the suit and judgment against Stockmeyer and Bogel; payment by them of $8,080.21 thereunder ; the insolvency of the other sureties on the bond ; the nonpayment by Oertling of any part of said amount; in fact, the proof establishes the truth of the main averments, necessary for recovery.

### IV.

It is true that article 2,104, R. C. C. is to the effect, that : "If one of the co-debtors *in solido* pays the whole debt, he can claim from the others no more than the part and portion of each ; and that, if one of them be insolvent, the loss, occasioned by his insolvency, must be equally shared among all the other solvent co-debtors and him who has made the payment."

It is likewise true that article 3,058, R. C. C. declares, that "when several persons have been sureties for the same debtor and for the same debt, the surety who has satisfied the debt, has his remedy against the other sureties in proportion to the share of each ; but this remedy takes place only when such person has paid in consequence of a law suit, instituted against him."

The defendant argues that, as the previous article authorizes the share of the loss occasioned by the insolvency of co-obligors, bound *in solido*, and as the last article which refers to joint obligors, in no way alludes to such insolvency and loss, the provisions of the former cannot, without violence, be extended to the latter. He concludes that the insolvency of the other co-sureties cannot be made to be borne by him, and that he can, at worst, be held responsible only for his aliquot part of the whole, regard being had to the number of sureties. This is an error.

Articles 2,104 and 3,058 correspond to articles 1,214 and 2,033 of the Napoleon Code.

The rights of a surety against his co-sureties for indemnity are the same in France in such instances under both articles. There is no reason why they should not be regulated and enforced in a like manner in Louisiana, under a similar legislation.

In the case of the Teutonia Bank vs. Wagner, et al., in which the plaintiff herein was a defendant, 38 Ann. 733, we held and reiterated the

ruling in 35 Ann. 468, that the sureties on the bond sued on, though bound *in solido* with the principal, are *several* obligors *intersese*, though the solidarity between themselves be not expressed. They bound themselves by different contracts, though the same be evidenced by one act only (the bond).

In the last case, the exception of no cause action, sustained by the lower court, was overruled by this court, the action being for *one-third*.

On this subject, Troplong, in his work on suretyship, says: (No. 440.)

"Lorsque l'un des cofidéjusseurs, contre lequel le fidéjusseur payant a son recours, est devenu insolvable, l'art. 1214., avec lequel l'art. 2033 doit être combiné, veut que la perte se répartisse par la contribution entre les solvables et celui qui a fait le paiement."

Also Duranton t. 18, No. 369, and M. Ponsot, No. 290—Del. vol. v. 2, 856–7 ; v. 3, 874, 881.

The district court decided correctly.

Judgment affirmed.