No. 9830.

SUCCESSION OF ALEXANDER HARRIS.

A party is not estopped by judicial declarations made for the purpose of simplifying
proceedings and for the common interest and convenience of all parties concerned, and
which have neither misled nor damaged anyone.

Heirs who intervene in a succession proceeding as opponents to an account filed by the
executor and ask therein for an order directing the executor to pay over the money to
them, thereby recognize the existence and validity of the succession proceeding, and
cannot set up its nullity as a ground for relief.

Taxes levied on the business of a partnership form part of the expenses of the business,
and, when recovered back from the government, are to be distributed among the
partners according to the terms by which the expenses were shared.

APPEAL from the Civil District Court for the Parish of Orleans.
Houston, J.

Chas. F. Claiborne for the Executor, Appellee.

Jonas & Nixon on the same side.

W. H. Rogers and Bayne & Denegre for Opponents and Appellants.

The opinion of the Court was delivered by

FENNER, J.   From 1860 to 1869 three brothers, Alexander, Aaron
and Levi J. Harris were members of a commercial partnership,
engaged in the exchange and brokerage business, under the firm name
of Alexander Harris.   The firm was dissolved in 1869 by the death of
the two brothers, Alexander and Aaron Harris.

Alexander left a will appointing his widow and his brother, Levi J.
Harris, testamentary executors, who qualified and fulfilled their trust

and were duly discharged, after what was supposed to be a full settlement of the estate in 1870.

Subsequently, it was discovered that certain internal revenue taxes which had been paid to the United States Government by the firm of Alexander Harris, might be recovered, and Levi J. Harris employed Judge William R. Whitaker as his attorney to prosecute the claim.

Although it was well known to all parties concerned that the claim belonged to the firm, yet as it was necessary, in any event, that there should be a legal representative of Alexander Harris, and as the payment and receipts had all been made in his exclusive name, the attorney deemed it best to prosecute the claim in his sole name and account, without disclosing the other parties in interest.

Accordingly the attorney prepared and filed a petition in the Civil District Court, in the name of Levi J. Harris, setting forth his prior appointment and discharge and the subsequent discovery of this claim in favor of the succession and the necessity that "some one should be authorized to further prosecute said claim and administer the proceeds thereof on behalf of said succession," and praying to be reappointed as executor. The appointment was made, and, thereafter, a petition was filed in the United States Court of Claims, in the name of L. J. Harris, as executor of Alexander Harris, containing the allegations that the taxes had been paid by Alexander Harris, and praying for judgment for the amount thereof. The sum of $6606.08 was recovered and collected by L. J. Harris, executor, and, in 1885, he filed, in the succession of Alexander Harris, his account, proposing the following distribution thereof:

Amount paid J. G. Kimball and Wm. R. Whitaker, attorneys
    to prosecute and collect the claim against the United
    States Government, 25 per cent thereof................$1,658 15
Commission of executor, 2½ per cent...................... 165 15
Attorney of succession................................... 75 00
Reserved for future costs................................ 50 00
                                                                $1,948 30
    Balance.....................  ...................... 4,657 78
                                                                $6,606 08

To be equally divided in the proportion of one-third each between the members of the late firm of Alexander Harris or their heirs, or each the sum of $1552.59.

The heirs of Alexander Harris oppose this account, claiming that the whole amount collected should be paid over to them.

1st. They claim that Levi J. Harris is estopped, by his judicial declarations and conduct, from disputing that this fund was recovered for, and belongs to, the succession of Alexander Harris.

We think the estoppel pleaded has no foundation in law or justice.

The general doctrine that a party is bound by his judicial declarations and is estopped from subsequently denying them is well established and supported by the numerous authorities cited by the learned counsel for opponents. But, as we very recently said in reference to a like plea of judicial estoppel: "The doctrine of estoppel, however apparently emphatic, is full of exceptions, which vary according to circumstances, and was never designed to apply to a case like the instant one, in which the declaration made has led no one astray and occasioned damage to nobody." Stockmeyer vs. Oertling, 38 Ann. 102.

The Supreme Court of the United States has said : "The primary ground of the doctrine is that it would be a fraud in a party to assert what his previous conduct had denied, when, in the faith of that denial, others have acted. The element of fraud is essential either in the intention of the party estopped, or in the effect of the evidence which he attempts to set up." Brant vs. Virginia, 93 U. S. 335.

There is no dispute that this tax was paid by the firm, and the repayment was due to the firm, and that Judge Whitaker was employed to prosecute and recover the claim for the benefit of the parties interested in the firm. The proceeding in the name of Alexander Harris solely was taken under his advice and direction, and for convenience merely, and all the pleadings were framed by him for the purpose of forwarding this end.

As said by Mr. Greenleaf, in discussing estoppels : "It is, however, in such cases material to consider whether the admission is made independently and because it is true, or is merely conventional, entered into between the parties from other causes than a conviction of its truth and only as a convenient assumption for the particular purpose in hand." 1 Greenleaf Ev., § 204.

It is obvious that the declarations made in the proceedings here were so made for the purpose of advancing the convenience and interest of all parties in interest, and have subserved that purpose. The heirs of Alexander Harris have been in no manner injured or prejudiced thereby, and it would be the grossest injustice to allow them, on such technical grounds, to defraud their associates of their fair share of this partnership fund.

2d. Opponents claim that the re-opening of the succession of Alexander Harris, after the same had been fully closed, and the re-appoint-

ment of Levi J. Harris as executor, are nullities, and that L. J. Harris, thus stripped of the quality of executor, has nothing to do but to turn this money over to the heirs of Alexander Harris, as whose agent he received it, leaving himself and the heirs of Aaron Harris to their personal action against said heirs for the recovery of any claim they have in the funds. Whatever may be the propriety and validity of those proceedings under the circumstances of this case, the fact remains that L. J. Harris was actually appointed, qualified and confirmed as executor, that he collected money as such, and that he is bound to account therefor to the court which appointed him. Opponents might have ignored these proceedings or might have taken action to annul them, and might have relied on a personal action against L. J. Harris to enforce their rights; but when they intervene in these proceedings as opponents to the account of the executor, and ask for an order directing him to pay over these funds to them, they necessarily recognize his executorship, in which capacity alone is he before the court or subject to its orders and direction. The case presents no feature of a personal action against L. J. Harris, individually ; and, even if it did, the principles governing the distribution would not be different.

3d. We think the court did not err in dividing this fund equally between the three partners in the concern of Alexander Harris.

Although the interest of the parties in the profits was not equal until the last two years of the partnership, yet the junior partners, Aaron and Levi J., never bore less than one-third each of the expenses, and, as the taxes on the business were part of the expenses, they are entitled to an equal share in this sum paid on that account and now recovered.

For two years prior to the dissolution, the three parties shared equally in expenses and profits.

We are referred to a *dictum* of Mr. Lindley in his work on partnership, to the effect that "under ordinary circumstances and in the absence of any agreement to the contrary, money earned ought to be treated as profits of the year in which they are *paid*, and not as profits of the year in which they are earned." If this rule were applied, then even if this collection were treated as *profits*, its division would be properly governed by the interests of the partners as existing at the close of the partnership. We doubt, however, if this rule would be applicable to cases in which there had been a change in the respective interests of the partners. But we think there is no doubt

that the taxes paid were properly expenses and as such should be shared.

4th. We can perceive no relevancy in the suggestion that these taxes had been charged by the firm to its customers. The tax was levied on the firm, collected from the firm, and recoverable only by the firm or for its account. Whatever may be the rights of the customers, the partners stand on an equal plane in regard to each other and the heirs of Alexander have no greater rights than those of Aaron or than Levi J. Harris. If the funds are to be received at all by any or all of the partners, each must receive his proper share.

We find no error in the judgment appealed from.

Judgment affirmed.