(60 South. 243.)

No. 19,269.

COLEMAN et al. v. JONES & PICKETT et al.

(Dec. 16, 1912.)

*(Syllabus by the Court.)*

1. ESTOPPEL (§ 5*)—EQUITABLE ESTOPPEL—GROUNDS—"ADMISSIONS"—"QUASI ADMISSIONS."

Admissions may be divided into "admissions" and "quasi admissions." The true "admissions" concern a method of escaping from the necessity of offering any evidence at all. A "quasi admission" is an item in the mass of evidence. An admission acted upon by the other party, and creating a substantive right, may estop the party making it, and it will oblige the estopped party to make good his representation; in other words, it is conclusive. Wigmore on Evidence, §§ 1048, 1057, 1066, 2580, 2591; Chaffe v. Morgan, 30 La. Ann. 1307; Davis v. Welsh, 128 La. 791, 55 South. 372; Watkins v. Cawthon, 33 La. Ann. 1199; New Orleans v. Sheppard, 10 La. Ann. 268; Succession of Harris, 39 La. Ann. 445, 2 South. 39, 4 Am. St. Rep. 269; Stockmeyer v. Oertling, 38 La. Ann. 102; Brandt v. Virginia C. & I. Co., 93 U. S. 335, 23 L. Ed. 927.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 8; Dec. Dig. § 5.*

For other definitions, see Words and Phrases, vol. 1, pp. 204, 205; vol. 8, p. 7566.]

2. EVIDENCE (§ 207*)—ADMISSIONS—EFFECT—"JUDICIAL CONFESSION."

The "judicial confession" is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding; and it cannot be revoked, unless it is proved to have been made through error of fact. Article 2291, C. C.; Watkins v. Cawthon, 33 La. Ann. 1198.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 707–712; Dec. Dig. § 207.*

For other definitions, see Words and Phrases, vol. 4, p. 3854.]

3. EVIDENCE (§ 200*) — "ADMISSIONS" — NATURE.

"It is of the nature of an admission plainly that it be by intention an act of waiver, relating to the opponent's proof of the fact, and not merely a statement of assertion or concession, made for some independent purpose; in particular, a statement made for the purpose of giving testimony is not a judicial admission." Wigmore on Evidence, § 2594 (2).

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 684–686; Dec. Dig. § 200.*]

4. EVIDENCE (§ 263*)—ADMISSIONS—EFFECT—EXPLANATION.

"An opponent whose admissions have been offered against him may offer any evidence which serves as an explanation for his former assertion of what he now denies to be the fact. This may involve the showing of a mistake or the evidencing of circumstances which suggest a different significance to the words." Wigmore on Evidence, § 1059 (2); Greenleaf on Evidence, §§ 204, 207, 208.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1022–1027; Dec. Dig. § 263.*]

5. ESTOPPEL (§ 58*)—EQUITABLE ESTOPPEL—GROUNDS.

The doctrine of estoppel, however apparently emphatic, is full of exceptions, which vary according to circumstances, and will not apply to objection made which has not led one astray, or occasions damage to anybody. Succession of Harris, 39 La. Ann. 443, 2 South. 39, 4 Am. St. Rep. 269; Stockmeyer v. Oertling, 38 La. Ann. 102; Brandt v. Virginia C. & I. Co., 93 U. S. 335, 23 L. Ed. 927.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 144, 145; Dec. Dig. § 58.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; T. M. Burns, Judge.

Action by Mrs. Nora Coleman and others against Jones & Pickett and another. From a judgment for defendants, plaintiffs appeal. Reversed and remanded.

A. A. Calongne and Hiddleston Kenner, both of New Orleans, for appellants. Benj. M. Miller, of Covington, for appellee Jones & Pickett. Ellis & White, of Covington, for appellee Cousin.

SOMMERVILLE, J. Plaintiffs sued defendants for damages in the sum of $66,290 for having cut down and removed timber from the land belonging to the said plaintiffs.

And defendants pleaded prescription of one year.

The plea of prescription was sustained, and the suit was dismissed. Plaintiffs appeal.

In a previous suit between the same parties, 128 La. 1094, 55 South. 686, which is a petitory action, we decided that the property belonged to plaintiffs. The petition in that case contains the following paragraph:

"Petitioners further aver that the said Nemours Cousin has cut, deadened, and removed timber and trees on said tracts of land unlawfully, illegally, and fraudulently, and petitioners

herein reserve all their rights to claim damages and compensation for the value of said timber and for the illegal and unlawful trespassing of the said Nemours Cousin on the said tract of land."

And the prayer contains a reservation of "all their rights herein for damages and trespass on their said tract of land."

In the petition in the present case, plaintiffs seek to avoid the consequences which may result from the paragraph quoted from their former petition, and to contradict same, by alleging that it was only after the decree of this court had become final in the petitory action, in July, 1911, that they took possession of the property and learned for the first time that the defendants, their agents, employés, and representatives, had cut down and removed all of the timber on the tract of land.

Defendants cite Act No. 33 of 1902, amending article 3537 of the C. C., fixing the prescription of one year "where land, timber or property has been injured, cut, damaged or destroyed, from the date knowledge of such damage is received by the owner thereof," in support of their pleas of prescription; and they offer in evidence the record in the petitory action brought by plaintiffs against Jones & Pickett, Limited, No. 1,658 on the docket of the Twenty-Sixth judicial district court for the parish of St. Tammany, and No. 18,422 on the docket of this court (128 La. 1094, 55 South. 686), and filed March 31, 1909. Nemours Cousin, one of the defendants, took the witness stand and testified that he had not cut any timber from the land involved in this case since March 31, 1909, the date of the filing of the petitory action. Defendants in exception admit that Sam Cousin, an absent witness, would, if he were present, testify that all of the timber cut by defendants on the land in question was cut prior to March 31, 1909, and that the cutting of said timber was known to the plaintiffs or their duly authorized agent,

Mrs. P. J. Maroney. Plaintiffs in exception called to the witness stand John Davis, who testified that he had cut some timber from the land under permission from Mrs. Haggerty, who appears to be the daughter of Mrs. Maroney, heretofore referred to; that he had paid for the same; and that the money had been refunded to him by Mrs. Maroney. But he does not testify to have had any business relations with the plaintiffs, or that Mrs. Maroney or Mrs. Haggerty were the agents for plaintiffs.

The foregoing oral evidence does not show that Mrs. Maroney or Mrs. Haggerty was the agent of the plaintiffs, or that the plaintiffs had knowledge, directly or indirectly, that the land had been denuded of the timber that was on it before the date alleged by them, July 2, 1911, which is less than one year prior to the filing of this suit, August 9, 1911.

Defendants also offered, as we have seen, in support of their pleas of prescription, the entire record, including the evidence, in the petitory action between these same parties, wherein is found the allegation "that Nemours Cousin, the defendant, had cut and removed the timber and trees on said tract of land," and wherein they reserved the right to sue for damages. Defendants argue that that allegation is a judicial admission, which is binding on these plaintiffs, and which they are estopped to deny; and Jones & Pickett, Limited, filed a plea of estoppel to contradict the allegation referred to. The depositions of plaintiffs and one witness were offered in evidence, and the counsel of record for plaintiff took the witness stand, to prove that the plaintiffs had no knowledge of the allegation contained in their petition in the first case, to the effect that defendant Cousin had cut the timber from their land, and that the attorney had made said allegation on his own responsibility, without information to that effect from the plaintiffs. Objections were made to this testimony, which

objections were sustained. The testimony was not received. There was error in this ruling.

The court's action, in sustaining the plea of estoppel and the objections to the evidence offered by plaintiffs, is based on the assumption that plaintiffs are "estopped now in this suit to deny their judicial allegations" by them made in a former suit.

Defendants cite many authorities where we have held that parties were estopped by their admissions, but in those cases the facts and conditions were not such as exist in this case. And in the case of Chaffe & Bro. v. Morgan, 30 La. Ann. 1307, cited by defendants, we say:

"In Abbot v. Wilbur, 22 La. Ann. 368, it was correctly announced that estoppels are not favored in the law, for the object of the administration of justice is to discover and apply the truth, and it is only where one has asserted in some judicial or other proceeding what is false to his own advantage or the injury of another that he will be estopped from showing the truth. The same principle is recognized by all elementary writers."

[1] Mr. Wigmore, in his work on Evidence (section 1057), divides admissions into two classes: "Admissions" and "quasi admissions." He says "admissions" concern a method of escaping from the necessity of offering any evidence at all, while a "quasi admission" is an item in the mass of evidence, and that it is not in any sense final or conclusive. He continues:

"The opponent, whose utterance it is, may none the less proceed with his proof in denial of its correctness; it is merely an inconsistency which discredits, in a greater or less degree, his present claim and his other evidence. * * * An estoppel, i. e., a representation acted on by the other party, by creating a substantive right does oblige the estopped party to make good his representation; in other words, but inaccurately, it is conclusive. So, too, but for an entirely different reason a judicial admission is conclusive in the sense that it formally waives all right to deny, for the purposes of the trial; i. e., it removes the proposition in question from the field of disputed issues. But statements which are not estoppels or judicial admissions have no such quality, and on principle cannot have. * * *"

[4] Section 1058 (2):

"An opponent whose admissions have been offered against him may offer any evidence which may serve as an explanation for his former assertion of what he now denies to be the fact. This may involve the showing of a mistake, or the evidencing of circumstances which suggest a different significance to the words."

And Mr. Wigmore shows that where the parties do not sign the pleadings, and the latter are only signed by their attorneys, they may show that the attorneys were not authorized to make the allegations contained in the pleadings.

[3] The same author says in section 2594:

"It is of the nature of an admission that it be by intention an act of waiver, relating to the opponent's proof of the fact, and not merely a statement or assertion or concession, made for some independent purpose; in particular, a statement made for the purpose of giving testimony is not a judicial admission."

The allegation in plaintiffs' petition in the former case, in that of the petitory action, that defendant had damaged the property, was made clearly for an independent purpose; the attorneys of record reserve in that suit the right to sue for damages. It was unnecessary for them to have done so; the right was plaintiffs' without any reservation. The allegation was disconnected entirely from the petitory action, it did not lead defendants astray, and it did not occasion any damage.

Mr. Greenleaf, § 204, states the law in the following language to be:

"With regard, then, to the conclusiveness of admissions, it is first to be considered that the genius and policy of the law favor the investigation of truth by all expedient and convenient methods; and that the doctrine of estoppel, by which further investigation is precluded, being an exception to the general rule, founded on convenience, and for the prevention of fraud, is not to be extended beyond the reasons on which it is founded."

"Sec. 207. Admissions, whether of law or of fact, which have been acted upon by others, are conclusive against the party making them, in all cases between him and the person whose conduct he has thus influenced.

"Sec. 208. It makes no difference in the op-

eration of this rule whether the thing admitted was true or false; it being the fact that it has been acted upon that renders it conclusive."

[5] And in Succession of Harris, 39 La. Ann. 443, 2 South. 39, 4 Am. St. Rep. 269, we say:

"The general doctrine that a party is bound by his judicial declarations and is estopped from subsequently denying them is well established and supported by the numerous authorities cited by the learned counsel for opponents. But as we very recently said in reference to a like plea of judicial estoppel: 'The doctrine of estoppel, however apparently emphatic, is full of exceptions, which vary according to circumstances, and was never designed to apply to a case like the instant one, which is an illegal deduction from facts, has led no one astray, and occasioned damage to nobody.' Stockmeyer v. Oertling, 38 La. Ann. 102."

The Supreme Court of the United States has said:

"The primary ground of the doctrine is that it would be a fraud in a party to assert that his previous conduct had denied, when, in the faith of that denial, others have acted. The element of fraud is essential either in the intention of the party estopped, or in the effect of the evidence which he attempts to set up." Brandt v. Virginia C. & I. Co,. 93 U. S. 335, 23 L. Ed. 927; Davis v. Welsh, 128 La. 785, 55 South. 372; Watkins v. Cawthon, 33 La. Ann. 1198; Lachman & Jacobi v. Block Bros., 47 La. Ann. 506, 17 South. 153, 28 L. R. A. 255.

The allegation of plaintiffs was not only an independent one, but it really had no place in the petition in the petitory action. It did not damage defendants in any way, or cause them to adopt any line of action whatever, or give to them any substantive right. It did not affect the litigation to any extent, or the parties thereto, beyond the fact that it is a declaration by plaintiffs, which may be explained or contradicted by them.

The plea of estoppel and objection to the evidence should have been overruled.

Plaintiffs excepted to the rulings of the court, and made parts of their bills of exceptions the testimony taken in their behalf under commission. The interrogatories and answers are in the record. But they are not regularly before the court, and we shall not consider them at this time. Besides being irregularly in the record, the answers are not satisfactory. We feel that the testimony of the attorneys of record is necessary to a proper determination of this question of prescription, which is now being considered.

The answers of the witnesses taken under commission are so full and thorough, and the testimony of each witness is so like that of the other five, as to cause us to entertain some doubt of the genuineness of that testimony. The nicety of style employed in the answers, and the logical order in which the events are stated, and the complete responsiveness in the answers to the questions propounded, would indicate that the answers were made by some person other than a witness who cannot sign her name, and attaches her mark instead to her depositions. Such evidence is insufficient to base a judgment upon.

It is true that exceptors have had their day in court, and that they have not satisfactorily sustained their plea of prescription; but they have made a prima facie showing, as, also, have the defendants in exception. The ends of justice will be better served by remanding the case for another trial.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed.

It is further ordered, adjudged, and decreed that the plea of estoppel filed by the defendant be overruled, and that this case be remanded to the trial court to be there proceeded with in accordance with law and the views hereinbefore expressed. Costs of appeal to be paid by the appellees.