————o————

## No. 5978.

## AMERICAN BONDING COMPANY vs. T. E. TEMPLEMAN, ET AL.

### Syllabus.

1. Judicial confessions made in error of fact may be retracted.

2. While judicial admissions made in one suit are always receivable in evidence in another, they are not conclusive and do not operate as estoppel, unless the party who invokes them has acted thereon or been prejudiced in some way thereby.

3. What is alleged only as an alternative is not confessed as being the truth and may always be retracted.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 103,920. Hon. G. H. Theard, Judge.

Solomon Wolff, for plaintiff and appellant.

P. M. Milner, for defendant and appellee.

His Honor JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is an appeal from a judgment maintaining a plea of estoppel.

Templeman Bros., Lumber Co., a corporation, brought suit against one Sinnot, and plaintiff was called in warranty and condemned for certain monies which it has since paid.

Plaintiff seeks herein to recover of T. H. Templeman and G. H. Templeman the amount so paid, and declares upon a contract of indemnity alleged to have been entered into by them in their individual capacity.

The estoppel set up by the defendants is that in the former suit the present plaintiff "judicially alleged as a fact that said indemnity bond was given by Templeman Bros., Lumber Co., Incorporated, and that if this fact was not patent on the face of the instrument same was the result of error, fraud or accident."

These defendants were not parties to the suit; the judicial allegations aforesaid availed plaintiff nothing as a defense hereto; and it is not alleged that these defendants acted in any way on the faith of those allegations, or were in any manner prejudiced thereby.

The **very last** expression of the Supreme Court upon the effect of judicial allegations made in former proceedings is to be found in **Farley vs. Frost Johnson Lumber Co., 133 La., ...., 63 Southern Reporter, p. 122 et seq. (pamphlet No. 2),** wherein the Court was divided, and Mr. Justice Provosty, speaking for a majority of the Court, admitted that "our jurisprudence on this point is not in a very satisfactory condition." (p. 124, Col. 2.)

Reviewing that jurisprudence he found (p. 136) that a long line of decisions was direct authority for the

— 124 —

proposition that "judicial allegations made in one suit will operate as an estoppel in another suit, even where that other suit is with another party, and even though the party invoking the estoppel has not been led astray thereby, or in any way injured."

And he found another long line of decisions direct authority for the very opposite, or in other words for the proposition that "while judicial allegations made in the pleadings of another suit are always receivable in evidence, they are not conclusive and do not operate as an estoppel, unless the party who invokes them has been prejudiced in some way thereby."

Adopting as the views of the majority, of the proposition last above set forth, the learned justice observes that the first line of decisions seemed to have overlooked, or taken no heed whatever of an express statutory provision allowing a judicial confession, made in error of fact, to be retracted under all circumstances, even in the very suit in which they were made. **C. C. 2291.**

He finds also the French jurisprudence to be that "the judicial confession can have the force of a legal presumption only in the suit in which it has been made." (p. 137).

And "at Common Law the point has never been doubtful; the rule having always been that while admissions made in other suits are, of course, admissible in evidence * * * they are no more conclusive as estoppels, than admissions made out of court." (p. 137).

But the Court was divided in the last named case; it was unanimous in the last case before that, to-wit: **Coleman vs. Jones & Pickett, 131 La., 803,** wherein the ques-

tion presented seems to have been precisely the same, and wherein the Court held (p. 810) that as an allegation of plaintiff in a former suit between the same parties ''did not damage the defendants in any way or cause them to adopt any line of action whatever, or give them any substantive right; and did not affect the litigation to any extent, or the parties thereto, beyond the fact that it is a declaration by plaintiff, which may be explained or contradicted by them; the plea of estoppel and objection to the evidence should have been overruled.''

Moreover, the allegations on which it is sought to base this estoppel were never made unqualifiedly, but as an alternative only, and therefore in the very nature of things cannot have been confessed as being absolutely the truth. **Certum confessus pro judicato erit; incertum non erit.** D. 42. 2, 6.

Plaintiff set up in the former suit substantially that it had contracted with these defendants and in the belief that they were associated as commercial partners; that it was now claimed that the association was a corporation, which this plaintiff still denied; that should it be found, however, that a corporation existed in fact, ''then and in such case'' the contract was signed by these defendants in behalf of said corporation, and it was ''the result of error, fraud or accident that the contract was not so executed.''

The Court found in the former suit that a corporation did exist; that these defendants had not acted on behalf of the corporation; that it was not the result of error, fraud or accident that the contract was not so executed; thus leaving the contract exactly where it had stood all along. So that all the parties to the present suit are to-

day exactly where they would have been had said allegations never been made.

It is therefore ordered that the judgment appealed from be reversed and set aside, and it is now ordered that the plea of estoppel herein filed be overruled and the cause remanded to the Court a qua for further proceedings according to law; appellees to pay the costs of this appeal.

Opinion and decree, January 26th, 1914.

Rehearing refused, February 9th, 1914.