## INTERNATIONAL PROJECTOR CORPORATION v. MARICELLA.

### No. 4419.

Court of Appeal of Louisiana. Second Circuit.

Nov. 10, 1932.

J. S. Pickett, of Many, and Parsons & Colvin, of Mansfield, for appellant.

Fraser & Carroll, of Many, for appellee.

PALMER, J.

Plaintiff brings this suit to recover the amount of $264.60, with 6 per cent. per annum interest thereon from January 1, 1931, until paid, and 15 per cent. additional, as attorney's fees, on allegations substantially as follows:

That in January, 1930, it sold to defendant, R. J. Maricella, an Acme motion picture projector, with equipment, for the price of $411.85, on which $102.96 was paid in cash and the balance of $308.88 was evidenced by the promissory notes of the defendant who was principal of the high school at Peason, in Sabine parish, La., and as such was in the employ of the Sabine parish school board, and that, in

the purchase of said motion picture projector and equipment, he represented himself to be authorized by his said employer to make such purchase, and that at the same time he not only executed the note sued on, but also executed a purchase agreement contract; that the Sabine parish school board has denied defendant was authorized to contract such debt on its behalf and therefore denied liability thereon; and that, under such circumstances, defendant is personally liable on the said obligation. Plaintiff attached to its petition the said notes, as well as the said contract of purchase.

After service of citation and petition on him, A. J. Maricella filed an exception to the citation on the grounds that he could not be held under a citation directed to "R. J. Maricella." Before this exception was passed on, plaintiff filed an amended petition, alleging, in effect, that defendant is "A. J. Maricella," but that through error the name was written in the original petition as "R. J." Maricella; that the original petition and citation were properly served on defendant, A. J. Maricella.

At this time, A. J. Maricella filed an exception of no cause or right of action against both the original and amended petition. This exception was sustained by the lower court, but the right was reserved to plaintiff to amend its pleadings to meet the defects. Plaintiff then filed a second amended petition and more at length alleged error on its part when, in its original petition, it alleged the name of the defendant to be R. J. Maricella, instead of A. J. Maricella. This amended petition further amplified and enlarged upon certain other phases of the case disclosed in the original petition, but which are not now before us for consideration.

At this time defendant filed another exception of no cause or right of action, and at the same time also filed a plea of estoppel, basing the last-named plea on the grounds that the allegations of the second supplemental petition constituted an attempt on the part of plaintiff to alter, deny, and/or contradict the allegations of its original petition.

While the minutes of the court show that the last exception of no cause of action and the plea of estoppel were tried at the same time and sustained, yet the judgment actually signed by the trial judge only sustained the plea of estoppel. Obviously, therefore, the ruling of the lower court on the last exception of no cause or right of action is not now before us. It was from this judgment sustaining the plea of estoppel and dismissing plaintiff's suit, that plaintiff has appealed.

## Opinion.

■■ Obviously the only question now before the court is whether or not plaintiff, after having alleged the name of the defendant to be R. J. Maricella and cited him accordingly, can correct the initials to "A. J." Maricella? It is the position of defendant that it cannot do so because it would thereby contradict its judicial allegations contained in its original petition. It is a fundamental principle that, upon adequate allegations of error, fraud, or ambiguity, a pleader may change his allegations or position from those taken in some previous action. As a matter of fact, the plea of estoppel is not favored in law and should not be permitted, except in clear cases. Hornor v. McDonald, 52 La. Ann. 396, 27 So. 91.

■ It is well settled, also, that a plea of estoppel cannot be maintained where it appears that the party against whom the plea is directed was ignorant of the true facts relating to the matter which forms the subject of the plea. Watkins v. Cawthon, 33 La. Ann. 1194; Carroll v. Cockerham, 38 La. Ann. 813; Succession of Drysdale, 130 La. 167, 57 So. 789.

Our courts have often held that the doctrine of estoppel, however apparently emphatic, is full of exceptions which vary, according to circumstances, and will not apply to objection made which has not misled or occasioned damage to any person. Succession of Harris, 39 La. Ann. 443, 2 So. 39, 4 Am. St. Rep. 269; Stockmeyer v. Oertling, 38 La. Ann. 102; Davis v. Welch, 128 La. 785, 55 So. 372; Watkins v. Cawthon, supra; Lachman v. Block, 47 La. Ann. 506, 17 So. 153, 28 L. R. A. 255; Coleman v. Jones, 131 La. 803, 60 So. 243.

In the case of American Bonding Company v. Templeman, 11 Orleans App. 123, the court held that judicial confessions made in error of fact may be retracted. Our Supreme Court has frequently held that a party is not estopped by his pleadings, when the averment was made without knowledge of the real facts underlying the controversy, especially when the real fact was in the knowledge of the adverse party. Walker v. Walker, 37 La. Ann. 107; Provost v. Morgan's L. & T. R. R. Co., 42 La. Ann. 809, 8 So. 584.

In the case of Smith v. Harrell, 16 La. Ann. 190, the Supreme Court of Louisiana held that allegations in a previous suit, based on the same instrument and which ended by a nonsuit, cannot form the matter of estoppel, leaving, as it does, the parties in the same relative position in which they were before its institution. The general rule is that one is not estopped by his conduct or representations unless they have caused another to take a position or do something which he would not have taken or done, but for such representations. Breaux v. Albert Hanson Lbr. Co., 125 La. 421, 51 So. 444.

In this case, not only has plaintiff alleged that he erroneously stated the initials of the

defendant, but it is clear that the defendant has not been prejudiced by virtue of plaintiff's allegations incorrectly stating his initials. Unless these allegations as to the improper initials of defendant gave rise to, or formed the basis of, some advantage to plaintiff, to the prejudice of A. J. Maricella, then such erroneous allegations cannot give rise to an estoppel preventing a change to meet the facts in that respect upon an allegation of error. Lachman v. Block, 47 La. Ann. 505, 17 So. 153, 28 L. R. A. 255.

■ Clearly, the defendant was not misled by virtue of plaintiff's error. Certainly he could not be prejudiced by the change in the allegations. Plaintiff will certainly gain no advantage over the defendant by allowing such changes, therefore, the plea of estoppel is not good and should have been overruled.

As stated before the issues tendered by the second exception of no cause of action cannot be considered at this time, inasmuch as the judgment of the lower court does not include them, notwithstanding the minutes indicate that the exception was sustained.

The judgment of the lower court, therefore, is reversed; and it is now ordered that this case be, and the same is, remanded to the district court to be proceeded with according to law.