No. 8828.

Orleans Appeal.

---

EMILE L. MEINE v. MOSSLER AUTO EXCHANGE, INC., Appellant.

---

(February 2, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Pleading—Par. 11; Estoppel—Par. 31.
Plaintiff, suing for the price of an alleged contract of sale, will not be heard to argue that defendant is liable for the value of the thing alleged to have been sold because of defendant's negligent acts as a broker. Counsel cannot be heard to argue against his pleadings.

Appeal from Civil District Court, Hon. Fred D. King, Judge.

This is an action for the purchase price of an automobile.

Judgment for plaintiff. Defendant appealed.

Judgment reversed.

Carbajal & Gaudin, attorneys for plaintiff and appellee.

Sanders, Brian & Sanders, attorneys for defendant and appellant.

WESTERFIELD, J. Plaintiff, alleging the verbal sale and delivery of his Dodge automobile to defendant, brings this suit for $500.00; the alleged purchase price "or

in the alternative the return to plaintiff of said automobile."

Defendant denies that there was any sale, averring that "plaintiff drove an employee of defendant to plaintiff's place of business, where the automobile was at the request of plaintiff driven back by respondent's employee, under a tentative contract of brokerage or factorage; that after said automobile was returned as is customary in the automobile trade in the City of New Orleans, it was left temporarily at the edge of the street in front of respondent's place of business; that shortly thereafter the said automobile was stolen by a person or persons unknown to respondent; that respondent notwithstanding diligent efforts and inquiries, was unable to recover the same or to discover the thief."

From a judgment in plaintiff's favor for $500.00 the defendant has appealed.

Defendant's counsel in his brief directs our attention to Act 193 of 1920, now repealed but in effect at the time of the alleged sale, requiring the sale of automobiles to be by authentic act. This act was not pleaded nor any effort made to show that the plaintiff was within its terms, there being an exception in favor of owners of cars at the time of the enactment of the law and new and unused cars. We are unable to say in the condition of the record whether the plaintiff in this case was within the exception as made by Sec. 4 of the Act or amenable in the prohibitory provisions thereof.

Four witnesses have testified in the case, three for plaintiff, the plaintiff himself, R. L. Willkomm and Edward Demazeliere and for the defendant Mossler, the proprietor of the defendant company.

The plaintiff's statement of the transaction is as follows:

"I was driving past the Mossler Auto Exchange about the 5th of May, and a representative, the manager then, Mr. Willkomm, of the Mossler Exchange, made a verbal agreement to me in front of a witness that

he would sell my automobile, and for that purpose he drove down to my garage and brought the automobile back with the understanding that I was to. report the next day to receive $500.00, the price agreed for that automobile. The following day, when I· was to go to the Mossler Exchange, . I had a telephone call from Mr. Willkomm, the manager, telling me that the automobile evidently had been stolen."

·Willkomm, the former manager of defendant, testifying for plaintiff in a friendly manner, says:

"Q. Don't you know a contract is not a contract until it is agreed to by both parties?
'A. It was a verbal agreement.
·· Q. What was your contract with Mr. Meine when he left?
A. To sell the car for him for $500.00."

The· witness Demazeliere, who was in the car with plaintiff when the agreement was made, testified:

·"We were coming from Canal Street and happened to stop at Mossler's Exchange, Mr. Willkomm was standing outside. He asked Mr. Meine if he wanted to sell the car. Mr. Meine said yes. Mr. Willkomm asked him what he wanted for it. Mr. Meine said $500.00. Mr. Willkomm said, 'Well, I have it sold for $500.00'. He comes to the garage with us, and he takes the Mossler car back and the next day in the afternoon I was in Mr. Meine's place and he rang up and told him that the car was stolen, but it was the next day, and the car· was going to be sold that evening. That is all I know about it."

It is .unnecessary to discuss the testimony, of the. defendant's witness. He was not present during the negotiations, being represented by ·his then manager Willkomm. Plaintiff has failed to show any sale of .his .automobile to defendant. His own testimony is to the effect that defendant undertook to sell his car for him. Each of the two other witnesses produced by plaintiff testify to' the same effect. We conclude. that there was no sale of plaintiff's car to defendant.

But plaintiff's counsel argues that' the defendant is liable to him as a depository or broker because he failed to take proper precautions for the safety of his property. Without discussing the merits of this contention, we observe that it is' a totally different cause of action from that set out in plaintiff's petition and inconsistent therewith. Plaintiff cannot be heard in argument against his pleadings. Louisiana Digest, Vol. VI, Verbo. Pleadings, Par. 11. Having sued on a contract of sale the issue tendered is one of sale vel non and when the evidence showing a totally different situation is presented by way of defense, plaintiff may not shift his position in an effort to establish defendant's liability upon a different cause of action consistent with the developments.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of defendant, dismissing plaintiff's suit with costs of both courts.