THOMPSON, J.
 

 This suit is against the indorser on three promissory notes aggregating $13,000. The notes were executed by Fernand Cavalier and made payable to the order of the City Savings & Investment Company.
 

 On December 15, 1919, the City Savings & Investment Company brought suit on the notes in the United States District Court for the Eastern District of Louisiana. In the petition in that suit it was alleged that the petitioner was the holder of the'notes. The present plaintiff, Maddox, was the president of the City Savings & Investment Company at the time said suit was filed, and he veri
 
 *395
 
 fled the allegations of the petition by his affidavit.
 

 In answer to the suit the defendant Robbert denied that'the City Savings & Investment Company was the holder for value of the notes sued on and denied that he had indorsed the said notes. The suit was never tried but was discontinued on motion of plaintiff’s attorney on December 20, 1921.
 

 Thereafter, on January 24, 1922, the City Savings
 
 &
 
 Investment Company, whose name had been changed to the Citizens’ Loan & Investment Company in compliance with the requirements of the banking laws of Louisiana, made an assignment of the notes to the plaintiff herein. In this assignment it was declared that Maddox had individually and personally loaned the money for which the notes were executed and that the said notes were made payable to the City Savings & Investment Company for “convenience or otherwise” to the company and to the borrowers. The assignment further recited:
 

 “Now therefore, the purpose of this instrument is to be declaration of the ownership of E. A. Maddox by the Citizens’ Loan & Investment Company, formerly the Citizens’ Savings & Investment Company, that the above-described notes are the individual property of E. A. Maddox, and any right, title or interest there may have been vested in the Citizens’ Savings & Investment Company or the Citizens’ Loan & Investment Company, is hereby transferred and assigned to E. A. Maddox.”
 

 In the plaintiff’s petition in the present suit it is alleged that in making the loans for which the notes were given, the plaintiff used his own personal funds, intending to turn said notes and said loans over to said Citizens’ Savings & Investment Company and obtain reimbursement therefor, but that said corporation has not refused to take the said loans and has assigned to petitioner any right, title, or interest which it has in and to the said notes.
 

 To this petition the defendant filed an exception of no right and ho cause of action and a plea of estoppel. The last-named plea was sustained and the plaintiff’s suit dismissed.
 

 The exception and the plea are founded on the same facts and are
 
 treated as one in the
 
 brief of counsel for defendant and we shall follow the same course. The contention is, that the plaintiff, having joined in the suit in the federal court on these same notes, as president of the payee company, and having made the affidavit to the petition in which the said company claimed to be owner or holder of the notes, cannot now be heard to claim said notes as his own individual property.
 

 Th'e facts in our opinion do not justify the application of the legal principle contended for. To apply that doctrine in this case would place the notes in a position where no one would be permitted to claim the ownership and no one could sue thereon.
 

 The original payee and one time apparent owner could not sue on the notes, for it has assigned any interest it may have had to the plaintiff, Maddox, and the latter could not sue because .he had judicially admitted ownership of the notes in the Savings & Investment .Company. It may be possible under certain circumstances for the real owner of a note by his actions and conduct to create a situation where he could neither sue on the note nor transfer the same to another, but that condition does not exist here. At the time suit was instituted in the federal court the Savings & Investment Company was the payee named in the notes and was the legal and apparent owner of the notes. In that situation no one else could have brought the suit. The present plaintiff being the official head of the company, it was incumbent on him to verify the petition, and to direct the suit. He had loaned the money which formed the consideration of the notes and had taken the notes in the name of his company in presumed good faith, and had
 
 *397
 
 every reason to assume that his actions would he ratified and approved and the notes accepted by the company.
 

 It was manifestly on this hypothesis that he joined in the suit. 1-Ie did not know at that time, so far as appears from the record, that his action in taking the notes in the name of his company would be repudiated by the company and the transaction regarded as having been made for and on his own behalf. Having acted in good faith and on an assumption which afterwards proved to be erroneous in fact, we are unable to conceive how the rule of judicial estoppel can be made to apply. But beyond this, there has been, since the suit was discontinued in the federal court, a change in the situation with reference to the ownership of the notes.
 

 Whatever interest the Savings & Investment Company had in the notes, as appeared upon the face of the notes, has been legally assigned to the plaintiff, Maddox, and by that acknowledgment and transfer the plaintiff has been invested with the legal right to sue in his own name, a right which manifestly did not exist at the time suit was filed in the name of the Savings & Investment Company. There is no rule of law or of morals which would prevent the Savings & Investment Company from transferring to Maddox whatever legal title it had to the notes resulting from the mere fact that the notes were made payable to that company.
 

 It cannot in contemplation of law be properly said, therefore, when all the facts are considered, that the plaintiff in the present suit has attempted to deny a solemn judicial admission made by him in the former suit.
 

 The defendant relies mainly on the case of Folger v. Palmer, 35 La. Ann. 743, but the facts of that case are readily and easily distinguishable from the facts in this case. There the estoppel was grounded on the fact that Palmer in a previous suit with Eolger had made -allegations to his own advantage and the loss of his adversary. Palmer as president of a bank had brought suit against Eolger on the same note which was then alleged to belong to the bank, and he had sworn in another suit with Eolger that the note belonged to the hank. In the suit then under consideration Palmer sought to plead in compensation against a judgment held against him by Eolger the same note he had previously judicially admitted and had testified belonged to the bank. The court under those circumstances very properly applied the estoppel.
 

 In announcing in the cited case the “uniformly recognized and enforced wise and salutary doctrine,” which firmly binds a party to his 'judicial declarations, and forbids him from subsequently contradicting his statements thus made, this court in a later case said that the court in the Eolger Case announced a much broader doctrine than was necessary to cover the ease. Farley v. Frost-Johnson Lbr. Co., 133 La. 497, 63 So. 122, L. R. A. 1915A, 200, Ann. Cas. 1915C, 717.
 

 It has been frequently announced in many decisions of this court:
 

 “That -the policy of the law imposes upon every man the obligation to speak and act according to the truth; and that the courts, for the protection of their own dignity, throw a sanction around judicial allegations, which will not allow of their being thereafter contradicted.”
 

 But that doctrine was not altogether recognized in the Earley Case cited supra. The court, speaking through the late Chief Justice Provosty, said:
 

 “But that reason has not been recognized by the courts in general as a ground of estoppel, and we find that this court clearly repudiated it in Stockmeyer v. Oertling, 38 La. Ann. 100, though without referring to it, when it held that allegations of law unsuccessfully made in a former suit do not estop, and in the case of Lachman & Jacobi v. Block Bros., 47 La. Ann. 505, 17 South. 153, 28 L. R. A. 255, when it held that judicial allegations operate as estoppels only when they have been acted on by the party in
 
 *399
 
 voicing them as such, and in the recent case of Coleman et al. v. Jones & Pickett, 60 South. 243, 131 La. 803, where the rule on this point was formulated in the language of Greenleaf, par. 207: ‘Admissions, which have been acted upon by others, are conclusive against the party making them, in all cases between him and the person, whose conduct he had thus influenced.’ ”
 

 In the Earley Case from which the foregoing quotation is taken the court hacl under consideration a plea of judicial estoppel based on allegations made in a former suit touching the legitimacy of certain heirs, which allegations were in conflict with the position of the party making the allegations in the suit then before the court. The court refused to apply the doctrine of judicial estoppel and overruled the plea. The court in the course of its opinion said:
 

 “There is no denying that in a number of cases this court has held that judicial admissions or allegations are binding and conclusive upon the parties who have made them, even in suits with other parties. But this court has in later cases taken a different view, without expressly overruling these prior cases. So that our jurisprudence upon this point is not in a very satisfactory condition.”
 

 The author of the opinion with a view to reconciling the decisions as far as possible cited and reviewed the entire jurisprudence upon the question of judicial estoppel by admission and allegation.
 

 Following what we conceive to be the ruling of the court in the Earley Case, supported as it is by the weight of jurisprudence as cited in the said case, the plea of estoppel and the exception of no cause of action filed in this case cannot be sustained.
 

 For the reasons assigned, the judgment appealed from is annulled and reversed, the plea and the exception are overruled, and the case is remanded to the court below to be proceeded with according to law. The costs of appeal to be paid by the defendant and appellee.
 

 ROGERS, J., recused.