# MEINE v. MOSSLER AUTO EXCHANGE INC.

———

(February 25, 1929. Opinion and Decree.)

———

66

Nicholas G. Carbajal and Frank P. Krieger, of New Orleans, attorneys for plaintiff, appellee.

Brian and Brian, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. This is a suit for the alleged value of a used car left with a second-hand automobile company for sale and stolen while in its possession.

Heretofore, in the matter entitled Emile L. Meine vs. Mossler Auto Exchange, Inc., 1 La. App. 545, this court passed upon a suit between these same parties, and involving the value of the same car. In that suit plaintiff alleged that he had sold his car to defendant and he sought to recover the purchase price. The proof showed that there had been no sale, but that the car had been left with defendant to be "tried out" and that it was stolen after the trial, but before plaintiff was notified to come and take it away.

In this second suit defendant pleads res judicata, estoppel and the prescription of one year (which plea of prescription, however, has since been abandoned), and on the merits, contends that its only liability is that of a bailee. That it is not an insurer but can only be held for negligence.

The plea of res judicata and the plea of estoppel are based respectively on the decision and on the allegations in the first suit. A reading of the decision in that suit shows that this court did not pass upon the question of whether defendant was liable as bailee and based its refusal to hold defendant liable solely on the ground that a contract of sale was alleged but not proven. This court said:

"But plaintiff's counsel argues that the defendant is liable to him as a depository or broker because he failed to take' proper precautions for the safety of his property. Without discussing the merits of this contention, we observe that it is a totally different cause of action from that set out in plaintiff's petition and inconsistent therewith. Plaintiff cannot be heard in argument against his pleadings. Louisiana Digest, Vol. VI, Verbo Pleadings, Par. 11. Having sued on a contract of sale the issue tendered is one of sale vel non and when the evidence showing a totally different situation is presented by way of defense, plaintiff may not shift his position in an effort to establish defendant's liability upon a different cause of action consistent with the developments."

Emile L. Meine vs. Mossler Auto Exchange, Inc., 1 La. App. 545.

It is plain, then, that since, in that case, the liability vel non of defendant as bailee was not considered, and since the question of whether or not there is liability as bailee is the only question presented here, the first suit does not constitute res judicata.

It is next urged that plaintiff, having alleged in the first suit that the car was sold to defendant, is now estopped to claim that it was left with defendant to be sold by it as agent. This is a more serious question and, at first glance, would seem to be an insurmountable obstacle in plaintiff's path.

However, if this plea is good, a very strange and inequitable result might follow. For instance, let us assume that plaintiff left· his car with defendant, believing in good faith that defendant had agreed to buy it. Let us further assume that on failure to receive his money plain-

tiff brought suit and defendant, as it did here, was able to prove that there had in fact been no sale. Let us assume further that the car had not been stolen but was still actually in possession of defendant. Could defendant in the second suit be heard to say "you cannot sue me again because you guessed wrong the first time, and since you guessed wrong once, I can now keep your car." We believe that no such result should be allowed and, yet, to sustain the plea of estoppel here would make such a result possible in any similar case.

We think the plea of estoppel should be overruled for two reasons:

First, because the allegations made in the first suit did no harm to defendant and did not lead it into a harmful or damaging attitude, and,

Second, because those allegations were unsuccessfully made.

While the jurisprudence of this State was for some time in an unsettled condition on the question of estoppel, it now seems to be well settled that, if the allegations in the first suit were unsuccessfully made, they do not constitute estoppel. A reading of the later cases, to-wit: Maddox vs. Robbert, 158 La. 394, 104 So. 183, and Farley vs. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122, indicates that the jurisprudence at the present time is to the effect that unsuccessful allegations do not constitute estoppel. As a matter of fact, we feel that the allegations in the first suit amounted rather to conclusions of law than statements of fact. Those allegations amounted to no more than if plaintiff had said: "I delivered my car to you under circumstances which I believed constituted the transaction a sale." This court said that those circumstances and actions did not constitute a sale, but a bailment. Can we now say: "Plaintiff, having sued on an alleged sale which we declared to be not a sale, but a contract of bailment, and having lost that suit, we now refuse to let him sue on that contract of bailment"?

Since we are of the opinion that both the plea of res judicata and the plea of estoppel should be overruled, the sole remaining question is whether or not defendant gave to plaintiff's automobile such care as a prudent administrator would have given it. Was defendant negligent in leaving the car on the street?

It is argued that a great many garages in New Orleans place cars on the streets temporarily at various times during the day. This may be true, but it is equally true that a great many cars are stolen every week and, in fact, every day, and it is no excuse for one who is careless to say that his act does not constitute negligence because others do the same thing. The more prudent garage owners do not leave cars on the streets and those who do must bear the loss resulting from their carelessness.

It is argued that plaintiff can require of defendant no higher degree of care than he himself gave to his own property, and that if he himself was in the habit of leaving his car unlocked on the street, he cannot complain if someone else treats it the same way. This rule, if followed to its logical conclusion, would produce weird results. Under it a plaintiff in a damage suit could not recover if it appeared that he himself were customarily guilty of the same act of negligence with which he charged defendant. He might at the time of the accident be guilty of no negligence at all, but if it could be shown that it was his habit to do the very thing which he complained of, then this habit would prevent his recovery.

Our attention is called to the case of Crescent Forwarding & Trans. Co. vs. N. O. Box Mfg. Co., 6 Orls. App. 412, in which in the syllabus, the Court said:

"In contracts which are reciprocally beneficial to both parties, the same care is exacted of the bailee which every prudent man takes of his own goods. In the action for property thus delivered and not returned, the burden of proof as to the facts which excuse the failure to restore it, lies on the bailee."

It will be noted that the measure of care required is not that which the owner would himself give to the property, but that which a "prudent" man would take of his own property.

We are unable to follow the argument of defendant that there is a distinction, so far as the city ordinance referred to is concerned, between storing a car on the street and temporarily placing a car on the street, but regardless of the ordinance, we believe that the leaving of a car on the street, unlocked, is negligence, and that the person who leaves it there should be held responsible to the owner. As this court said in a similar case, Steinel vs. Fagot, 13 Orls. App. 201: "It is negligence to store an automobile in the street without any watchman to attend it."

It appears from the evidence that the plaintiff was willing to sell the automobile for $450.00 and the judgment of the lower court was in his favor for this amount. There is no evidence that it was worth less than this.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, at the cost of appellant.