## GROSJEAN v. COONEY PETROLEUM CO., Inc.
### No. 16196.

Court of Appeal of Louisiana. Orleans.
May 4, 1936.

Gaston L. Porterie, Atty. Gen., F. A. Blanche, and Justin C. Daspit, both of Baton Rouge, and Maurice B. Gatlin, of New Orleans, for appellant.

Edward M. Heath, of New Orleans, for appellee.

JANVIER, Judge.

The supervisor of public accounts of the state of Louisiana seeks to collect from Cooney Petroleum Company, Inc., the tax imposed by Act No. 15 of the First Extraordinary Session of 1934 (section 1) "on all kerosene sold, used, consumed, distributed or handled in the State of Louisiana for domestic consumption," alleging that respondent corporation, on October 17, 1934, had in its possession in the parish of Jefferson, 8,000 gallons of petroleum product, the chemical analysis of which authorized its classification as kerosene under the said statute, and that the tax imposed by the said act had not been paid on the said product. Certain penalties, inspector's fees, and attorney's fees imposed by the statute are also claimed.

Respondent interposed a plea of "lis pendens." From a judgment sustaining this plea and dismissing the suit, the supervisor of public accounts has appealed.

The plea "lis pendens" is based on the fact that in another proceeding filed about twenty-five days before this rule was filed, the supervisor of public accounts had claimed from the Cooney Petroleum Company, Inc., the tax, penalty, and fee imposed by Act No. 6 of the Extraordinary Session of 1928 (as amended by Act No. 8 of 1930, Act No. 16 of 1932, and Act No. 34 of 1934) on "all gasoline, or motor fuel, sold, used, or consumed in the State of Louisiana for domestic consumption," (section 1), alleging, in that earlier proceeding, that the said respondent corporation had in its possession in the parish of Jefferson, 5,000 gallons of petroleum product, the chemical analysis of which authorized its being classified as "motor fuel" under the said statute of 1928, as amended.

Respondent's contention is that the liquid included in the two suits is the same and that the attempt to impose the motor fuel tax by means of the first suit prevents judicial consideration of this suit which has for its object the imposition of the kerosene tax upon the same article, to wit, the petroleum product.

A reading of the two principal statutes involved discloses that the kerosene tax statute (Act No. 15 of 1934, 1st Ex.Sess.) imposes the tax upon a grade of petroleum product which cannot possibly be classified as motor fuel under the other statute and that the motor fuel statute (Act No. 6 of 1928) imposes the tax on a petroleum product which, because of its chemical analysis, cannot possibly be classified as kerosene. Thus the statutes may be termed "mutually exclusive." They are not cumulative, and if the product sought to be taxed is shown, by proper test, to be governed by one of the

statutes, it cannot also be governed by the other. Therefore, if the liquid which is involved in this suit is shown to be the identical liquid which is involved in the other controversy, then obviously either the one tax or the other cannot be imposed.

■ But, there is in the record not one iota of proof that the two suits involve the same liquid. For all we know, there may be 13,000 gallons of liquid involved in the two suits, 8,000 in this and 5,000 in the other.

It will be noted that even the quantities are not the same and, therefore, even if it is true that to the extent of 5,000 gallons the liquid involved in the two suits is the same, it does not necessarily follow that the plea "lis pendens" is well founded.

Strictly speaking, it is not the principle of "lis pendens" which is involved. The true contention seems rather to resemble that which is presented when the doctrine of estoppel is sought to be enforced; that the supervisor of public accounts having claimed in the first suit that the liquid involved should be classified as motor fuel under the one statute cannot be heard to contend in the later suit that it should be classified as kerosene under the other, since classification under the other statute is inconsistent with classification under the first.

But even if the contention should be considered as a plea of estoppel, it cannot be sustained at this time. Even if it is true that some of the liquid involved in the first suit is also involved here, and we have no scintilla of proof as to that, it may well be that that liquid does not meet the qualifications necessary to permit of its being classified as motor fuel. ·In that case, it may possibly be graded or classified as "kerosene." If so, the supervisor of public accounts, having unsuccessfully contended for its classification under the motor fuel statute, would not be prevented by the principle of estoppel from contending for its classification under the kerosene statute. See Farley et al. v. Frost-Johnson Lumber Co. (Johnson & Weaver, Warrantors), 133 La. 497, 63 So. 122, L.R.A.1915A, 200, Ann.Cas.1915C, 717, and Maddox v. Robbert, 158 La. 394, 104 So. 183. But that is a question which will necessarily be considered if and when it is presented. For the present, all we need do is hold that the plea of "lis pendens" should not have been sustained because there is no proof that the liquid involved in this suit is the same liquid which was involved in the earlier one.

It is therefore, ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed and that the matter be and it is remanded to the Twenty-fourth judicial district court for the parish of Jefferson for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.