## ARONSON v. PAILET.

### No. 16597.

Court of Appeal of Louisiana. Orleans.

April 19, 1937.

Herman L. Midlo, of New Orleans, for appellant.

Edw. Dinkelspiel, of New Orleans, for appellee.

JANVIER, Judge.

Al Pailet is a duly licensed and authorized auctioneer. Abe Aronson employed him to conduct an auction of certain merchandise belonging to Aronson. An agreement was reached as to the rate of compensation to which Pailet would be entitled and as to the expenses which should be incurred. Before the time of the sale Pailet sought and obtained from Aronson permission to include certain other articles belonging to other customers and apparently an agreement was reached concerning the proportion of expense with which the owners of these other articles should be charged. About three days after the sale Aronson received from Pailet a statement purporting to have been prepared at the conclusion of the sale showing that the goods sold for Aronson had produced gross proceeds amounting to $1,158.23, and, without setting forth all of the expenses, stating that a commission of 10 per cent. would be charged and that 50 per cent. of the advertising cost and certain other costs would be charged against Aronson. The net balance due to Aronson was not

shown, nor did a remittance accompany the statement.

Aronson states that when he received the statement he was surprised to see that the commission had been fixed by Pailet at 10 per cent., since, so he contends, it had been agreed that the commission would be only 5 per cent. He testifies that he attempted to see Pailet to complain, "going to see him four or five times a day," but that "he was never in the office. * * *" He also says that four days later he received a second statement from Pailet in which again a commission of 10 per cent. was shown and which also set forth certain items of expense which had not appeared on the first statement. This second statement was accompanied by a check for $952.28 and by a letter which stated that the check represented the "amount due you in full settlement." Aronson testifies that when he received this check he tried again to see Pailet to complain. His statement as to his action on that day is as follows: "I went again to see him, and I was there all day long trying to see him and talk to him about it and he wasn't there, and I really got worried about my money, I thought he would never pay me, and I had the check with me, and about five minutes before the bank closed I went and deposited the check."

He then brought this suit, claiming that he had been overcharged by Pailet and that he should have received an additional sum of $108.77. Pailet pleaded estoppel, basing his plea on the fact that Aronson had accepted and used the check sent him as payment in full, and contending that, therefore, there had resulted a compromise, as the result of which plaintiff was estopped to claim any further balance.

In the trial court there was judgment for plaintiff for $104.29. Defendant has appealed.

■■ Plaintiff maintains that there can be no estoppel because from the acceptance of the check defendant's position has not been prejudiced, since the amount represented by the check was admittedly due in any event. In support of this argument there are cited many decisions holding that there is no estoppel unless the party pleading estoppel has been lead into action which he would not otherwise have taken. That usually, where estoppel is relied on, this view prevails in this state, there can be no doubt. Farley v. Frost-Johnson

Lumber Co., 133 La. 497, 63 So. 122, L.R.A.1915A, 200, Ann.Cas.1915C, 717; Mc-Williams v. Geddes & Moss Und. & Emb. Co. (La.App.) 164 So. 145; Maddox v. Robbert, 158 La. 394, 104 So. 183; Rembert v. Fenner & Beane, 173 So. 551, this court, decided April 5, 1937. But there has been established here, also, the doctrine that, when estoppel is said to result from the acceptance of an offer tendered in writing as full settlement of a disputed claim, the plea of estoppel will be sustained even though the amount tendered is admittedly due in any event. We so held in Meyers v. Acme Homestead Association, 18 La.App. 697, 138 So. 443, 447, and in Davis-Wood Lumber Company v. Farnsworth & Co., 171 So. 622, 627, feeling that we were controlled by the decision of the Supreme Court in Berger v. Quintero, 170 La. 37, 127 So. 356, 357. It is not necessary that we here repeat what was said in those cases. The arguments made on behalf of plaintiff here are found discussed there.

Until the decision in the case of Berger v. Quintero came to our notice, we had always believed consideration to be necessary to a contract of compromise or transaction; that each party must yield something to the other, and, having been of that view, we found it difficult to see how there could be a binding contract of compromise where the consideration given by one party was something which he admitted that under all circumstances and in any event he was already liable for. In other words, if A admits that he owes B $100 and B claims that A also owes him an additional $50, we see no reason why A should be permitted to say to B, "unless you give me a full acquittance and discharge I will not pay you the $100.00 which I admit I owe you." That others shared this view is shown from a reading of the opinion of our brothers of the First Circuit in Coco v. Moss Company, 4 La.App. 645, in which is found the following: "Defendant contends that because its check to plaintiffs was accompanied by a statement on which was printed in red ink, that the check was remitted to cover the balance due, as per that statement, that it was therefore in full settlement, and that as plaintiffs accepted and collected the check, they are estopped from making further claim against defendant, and are bound by the settlement."

The opinion, after referring to various legal digests, contained the following statement:

"* * * the authors of these digests all agree, as being necessary to constitute an Accord and Satisfaction * * * that there must be some consideration, even if inadequate, for the validity of the contract. R.C.L., vol. 1, p. 183 Cyc. vol. 1, p. 311. The fact that upon part payment of a liquidated claim a written receipt in full is given by the creditor does not, according to the great weight of authority, take the case out of the rule.

"We fail to see any consideration given by the defendant in this case. It paid what it acknowledged to owe to plaintiffs and after remitting to plaintiffs its check for $1122.33, it was in no worse position than it had been before such payment. It had yielded nothing and had given nothing to induce plaintiffs to abandon the rest of their claim of $1025.05. We may here also note that for the same reason there can be no estoppel against plaintiffs, as they did not by accepting the check and collecting it, induce defendant to part with anything of value. or any right which it may not still exercise."

■ There has never been any doubt that, where there is doubt as to whether any sum is due, or where there is doubt as to how much is due, the payment of anything more than the amount admittedly due may form the consideration of a contract of compromise. But we have never felt that a dispute concerning an additional amount should be sufficient to permit the withholding of the liquidated amount admittedly due.

■ But the Berger Case has put an end to our right to entertain an independent view on that subject and we, therefore, in the two cases to which we have already referred, Meyers v. Acme Homestead and Davis-Wood Lumber Company v. Farnsworth & Company, have attempted to apply the doctrine announced by the Supreme Court. But even that doctrine requires that, in order that the acceptance of the amount tendered as full settlement be treated as a compromise, there must have been a dispute over some portion of the amount claimed. We note the following in the Berger Case: "The plea of estoppel, in our view, is well founded. The claim was a disputed one."

In the Meyers Case we said: "It seems, then, that no matter how well established and no matter how irrevocably admitted the smaller sum may be, if, growing out of the same or a clearly related transac-

tion, there is a real dispute as to whether a larger sum is due, the debtor may, in paying the admitted sum, demand a full release from any other claim growing out of the same or a clearly related transaction, and that, if such release is given, it constitutes accord and satisfaction. Here we find that there was only one account between the parties. This account had been running for a very long time, and the dispute was really one over the question of the correctness of the account."

In the Davis-Wood Case we said: "It is obvious, from the authorities from which we have quoted, that accord and satisfaction can never be successfully pleaded unless there is a disputed claim."

When we come to consider the jurisprudence which requires that, in order that the acceptance of a check constitute a compromise there must have been a protest, our attention reverts to the case of Coco v. Moss Company, supra, which was referred to by us in Davis-Wood Lumber Company v. Farnsworth & Co., because, although, in the Davis-Wood Case, we stated that in the Coco Case "there was never any prior dispute between the parties," a rereading of that case shows that, as a matter of fact, there had been a dispute and that, strangely enough, the court had pointed to the dispute as justifying the acceptance of the check subject to the dispute.

■ We, therefore, must investigate the record to determine whether there was a dispute when Aronson accepted and used the check of Pailet.

On this question of whether there was a dispute we find each party testifying to facts which, if true, would defeat his contention. Pailet says that he knew of no dispute. If there was none, then his plea of estoppel based on compromise is not well founded. But Aronson shows plainly that there was a dispute and he testifies that for days he attempted to see Pailet to settle it and that, being unable to find him, he used the check only because he felt that there was danger that, if he held it longer, it might not be honored when presented. The evidence, we believe, shows that plaintiff's story is true and that on many occasions he tried to see Pailet and did not succeed, and that his many calls conveyed to Pailet knowledge of the "dispute". At any rate, he, Aronson, knew that there was a dispute so far as he was concerned.

548

He knew that he objected to the amount tendered and yet, although he knew that this amount had been tendered with the written statement, that it constituted the "amount due * * * in full settlement," he accepted it and used it.

We cannot distinguish these facts from those which confronted the Supreme Court in the Berger Case. There an attorney received from a notary his client's share of the proceeds of a succession. He deducted the amounts claimed to be due his firm and sent to the client a check with a statement and a letter stating that the check represented the "balance due." The client held the check for a very long time, but finally caused it to be certified in order to protect himself against the possibility of payment being stopped and then brought suit for the balance which he claimed in addition to the amount represented by the check. His suit was met by a plea of estoppel based on his acceptance of the check. This plea was sustained.

There are shown in that opinion only such protests as are found here, except that there they seem to have been persisted in for a longer time. Plaintiff here maintains that he used the check only because he feared that, if he did not do so, he might ultimately lose the entire amount. But in the Berger Case he appears to have certified the check for the same reason. The reasons given for the conclusion reached there do not warrant the belief that fear of loss of the whole will justify the acceptance of an amount tendered in settlement and that the principle of estoppel resulting from compromise applies no matter how justifiable may be the fear that failure to accept the tendered amount may cause the ultimate loss of the whole. Without any reference to any such possible excuse, the Supreme Court said: "If plaintiff was not satisfied with the settlement tendered, he should not have retained the check, and caused it to be certified by the bank upon which it was drawn, but should have returned it, in the absence of a waiver of the condition attached to the remittance. By retaining the check, and causing it to be certified, he is now precluded from rejecting it, and suing defendant upon the entire claim. Bassick Gold Mine Co. v. Beardsley, 49 Colo. 275, 112 P. 770, 33 L. R.A.(N.S.) 852; Seeds Grain & Hay Co. v. Conger, 83 Ohio St. 169, 93 N.E. 892, 32 L.R.A.(N.S.) 380; Scheffenacker v. Hoopes, 113 Md. 111, 77 A. 130, 29 L.R.A. (N.S.) 205; Drewry-Hughes Co. v. Davis, 151 N.C. 295, 66 S.E. 139; St. Regis Paper Co. v. Tonawanda Board & Paper Co., 186 N.Y. 563, 79 N.E. 1115."

Unable to distinguish that case, we must maintain the plea of estoppel.

The judgment appealed from is annulled, avoided, and reversed, the plea of estoppel is maintained, and plaintiff's suit is dismissed at his cost.

Reversed.