450 So.2d 761 (1984)
COMMERCIAL BANK & TRUST COMPANY
v.
Salvador CANALE, M.D.
No. 83-CA-347.
Court of Appeal of Louisiana, Fifth Circuit.
May 14, 1984.
Writ Denied September 14, 1984.
*762 Robert G. Creely, Amato & Creely, Gretna, for defendant-appellant.
A. Russell Roberts, Metairie, for plaintiff-appellee.
Before BOWES, GAUDIN and GRISBAUM, JJ.
GAUDIN, Judge.
Appellant is Dr. Salvador Canale, against whom a judgment on a promissory note was rendered in the 24th Judicial District Court.
On appeal, Dr. Canale contends that the trial judge erred in not recognizing his defenses of (1) equitable estoppel, (2) lack of consideration and (3) partial acceptance of a compromise settlement vitiating litigation seeking the entire amount due on the note.
We do not find error in the rejection of these defenses, and we affirm the judgment in favor of the Commercial Bank & Trust Company.
The loan in question was for the benefit of Dr. Canale's friends, among them Clyde Carson and Cal Vada, who, according to Dr. Canale, were "... purporting to build installations selling Popeye's Fried Chicken..." in Las Vegas, Nevada.
Dr. Canale executed a $40,000.00 promissory note and immediately turned all of the funds over to Carson and Vada, who were unable themselves to borrow money from the bank. Neither Carson nor Vada was required to sign the note.
Subsequently, payments on the obligation were made by Carson and Vada, the indebtedness reduced and new promissory notes signed by Dr. Canale. The final note, the one sued on, was in the amount of $36,000.00.
In raising the defense of equitable estoppel, Dr. Canale cites Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975), in which three necessary elements are discussed. They are: (1) a representation by conduct or word, (2) justifiable reliance and (3) a change in position to one's detriment because of the reliance. Dr. Canale argues that he shouldn't be held responsible for payment of the note because of representations made by Beauregard Redmond, the bank's president, to the effect that the obligation to repay was Carson's and Vada's and not Dr. Canale's.
The trial judge, in his "Reasons for Judgment," said that "... the required proof for equitable estoppel was not met." There was no further elaboration, and we do not know which requirement, in the district judge's opinion, was not satisfied.
Equitable estoppels are not favored in Louisiana and are invoked sparingly because they bar the normal assertion of rights. See Wilkinson v. Wilkinson, supra; *763 Abbeville Lumber Co. v. Richard, 350 So.2d 1292 (La.App. 3rd Cir.1977); and numerous similar cases.
Here, Dr. Canale was the only person to sign the sued-on note and the others preceding it. The record does not suggest any confusion or lack of legal understanding on Dr. Canale's part regarding his responsibilities once he willingly executed the initial note and, later, the others. While Dr. Canale and his friends testified about the bank president's assurance of perpetual forbearance, the record contains a letter from Redmond to Dr. Canale, to wit:
"As discussed, attached is the Commercial Bank's renewal note in the amount of $36,000.00 dated November 15, 1980, interest due through that date in the amount of $1,483.35. This note represents a 60 day extension on the original $40,000.00 obligation with receipt of the 10% principal payment and interest due.
"I would appreciate if you would execute the enclosed note, both on the front and back where indicated, and return to my attention. Also as discussed, on or before the next maturity date, you will liquidate this obligation in full."
Although Dr. Canale did not recall receiving the letter, the trial judge said:
"I'll receive it in evidence for the limited purpose of showing that the letter was composed by Mr. Redmond and allegedly mailed."
Regardless, the letter does not give the impression that the bank president was prepared to forever forego collection attempts. As Dr. Canale's name was the only one on the notes, from beginning to end of the loan transaction, the obligation could only be enforced by suit against him.
Mr. Redmond did not testify at the trial and consequently did not directly contradict the statements about his alleged agreement not to sue Dr. Canale. This does give some credibility to an equitable estoppel defense, as parol evidence can be introduced to show a creditor's promise to refrain from enforcement of an obligation. Celles Enterprises v. Peoples Bank and Trust Company, cited at 425 So.2d 853 (La.App. 3rd Cir.1982) and 437 So.2d 1114 (La.1983).
However, we cannot say that the trial judge, after considering all of the testimony and evidence, along with Louisiana's jurisprudence imposing a firm and gripping duty on those who sign promissory notes, erred in rejecting appellant's attempt to invoke equitable estoppel.
We note that Dr. Canale did not secure or even try to obtain from any bank executive a written promise not to litigate against him. In Celles Enterprises v. Peoples Bank and Trust Company, supra, the Third Circuit stated:
"Furthermore, the facts do not justify application of the doctrine of equitable estoppel. The loss complained of was brought about by plaintiff's own neglect in failing to secure a written agreement with the bank."
The failure to obtain a written agreement to forbear may not be critical to equitable estoppel, but this failure can be a factor for the court's consideration, as it was in Celles.
Turning now to appellant's other contentions, we are mindful of the fact that a lack of consideration can be a valid defense to a promissory note action. Here, bank funds were tendered straightforward to Dr. Canale as the sole maker and obligor. Although he chose to transfer the funds to his friends, there was consideration.
Appellant relies on Bank of Coushatta v. Debose, 10 So.2d 386 (La.App. 2nd Cir. 1942), but in this 42-year-old decision, the plaintiff bank was unable to prove that any funds had been paid to the defendant or that the bank's ledger sheets showed a credit to defendant's account for the amount of the sued-on note. These facts and circumstances differ from Dr. Canale's.
Finally, Dr. Canale contends that the agreed-on compromise settlement was final and binding, and that consequently the bank was required to sue on this agreement *764 rather than on the note itself. This allegation caught the attention of the trial judge, who wrote in his "Reasons":
"The alternative defense of compromise presented a more serious issue, especially in view of plaintiff's acceptance and negotiation of the partial payment by defendant in settlement."
Dr. Canale offered, in compromise, the sum of $30,000.00, which included a $10,000.00 payment and a $20,000.00 personal check signed by him. The bank agreed to this settlement, but Dr. Canale stopped payment on the $20,000.00 personal check before it would be negotiated.
The trial judge concluded that the stopped payment check voided the attempted settlement and he "... restored the parties to their former positions in the lawsuit, crediting the defendant for the partial payment on the original obligation."
In support of his position, Dr. Canale quotes from Berger v. Quintero, 170 La. 37, 127 So. 356 (1930):
"If plaintiff was not satisfied with the settlement tendered, he should not have retained the check, and caused it to be certified by the bank upon which it was drawn, but should have returned it, in the absence of a waiver of the condition attached to the remittance. By retaining the check, and causing it to be certified, he is now precluded from rejecting it, and suing defendant upon the entire claim."
In Berger, payment was made of the amount one party felt was due and a check for this amount was accepted by the other party. The check was not negotiated, but the recipient had it certified by the sender's bank.
Dr. Canale actually tendered only one-third of the compromise figure. The trial judge did not consider the $20,000.00 personal check on which payment was subsequently stopped as legitimately having formed part of the sum paid in settlement, and we cannot find fault with this determination.
Likewise, we cannot say that the district judge erred in crediting Dr. Canale's account with the $10,000.00 partial payment.
The district court judgment against Dr. Canale in the sum of $36,000.00 plus stated attorney fees, less a $10,000.00 credit, is affirmed, with appellant to bear all costs.
AFFIRMED.